Frances Louise **CLEVENGER**,
Plaintiff–Appellant,

v.

**BAPTIST HEALTH SYSTEMS, Individually and doing business as Cocke County Baptist Hospital, Dana Edwards, M.D., and Tony Hamlett Defendants–Appellees.**

Court of Appeals of Tennessee,
Eastern Section.

Aug. 27, 1997.

Application for Permission to Appeal
Denied by Supreme Court
April 6, 1998.

Olen G. Haynes, Knoxville, Christopher P. Capps, Morristown, for Plaintiff–Appellant.

N.R. Coleman, Jr., Daniel D. Coughlin, Greeneville, for Defendants–Appellees.

*OPINION*

GODDARD, Presiding Judge.

This is a medical malpractice suit against Baptist Health Systems, Individually, and d/b/a Cocke County Baptist Hospital, Dana Edwards, M.D., and Tony Hamlett. The Trial Court sustained Dr. Edwards' motion for a summary judgment upon his plea of *res judicata*. The judgment entered was made final pursuant to Rule 54 of the Tennessee Rules of Civil Procedure and has been appealed by the Plaintiff, Frances Louise Clevenger, who raises the following issue:

> Did the trial court err in dismissing Appellant Frances Clevenger's action "because of a prior final adjudication" as to Defendant Dr. Dana Edwards?

Dr. Edwards also raises issues, contending that even should we find the *res judicata* defense unavailing, he is entitled to prevail because the undisputed competent proof in the record shows that he is guilty of no negligence.

The present case was filed on July 5, 1996, and, as already noted, was dismissed on the ground of *res judicata*.

A previous case against Dr. Edwards arising out of the same incident had been filed by Ms. Clevenger. In that case the Trial Court, after reviewing a motion for summary judgment filed by Dr. Edwards and affidavits and other materials filed in favor of and in opposition to the motion, concluded it was well taken and granted him a summary judgment by order entered on March 22, 1995. A motion styled "MOTION TO SET ASIDE" was filed on behalf of Ms. Clevenger, which does not show the file date but the certificate of service signed by her counsel is dated March 29, 1995. This motion was never acted upon by the Trial Court. Still later, on July 7, 1995, an order was entered by the Trial Judge [1] granting Ms. Clevenger a non-

---

1. The Trial Judge who entered this order was not the same one who sustained the plea of *res judi-* *cata.*

suit without prejudice as to all of the Defendants, including, curiously, the Defendant Dr. Edwards. This order was approved for entry by her counsel and counsel for Dr. Edwards.[2]

■ It is Ms. Clevenger's position that upon her filing a motion to set aside the judgment, the Court retained jurisdiction and could properly enter the order allowing a voluntary non-suit. We respectfully disagree.

■ It is true that in most situations a voluntary non-suit may be taken as a matter of right. However, such is not the case when a motion for summary judgment is pending. Rule 41.01 of the Tennessee Rules of Civil Procedure provides, as pertinent to this issue, the following:

> (1) Subject to the provisions of Rule 23.05 or Rule 66 or of any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party.

If we should follow the reasoning of Ms. Clevenger, we would reach the anomalous result that a voluntary non-suit may not be taken while a motion for summary judgment is pending, but may be after it has been granted. We cannot conceive this to be the law of this State.

We believe an analogous situation to that advanced by Ms. Clevenger would be a trial wherein a verdict was rendered for a defendant, a motion for new trial filed by a plaintiff, and then a voluntary non-suit granted. This, of course, cannot be countenanced.

In the case at bar the only way we could sanction the granting of a voluntary non-suit in the first case is to find that the Trial Court in effect set aside the summary judgment in

accordance with the motion. As already pointed out, no action was ever taken as to this motion and we believe that such an inference should not be indulged when our Rules of Civil Procedure place limitations on the right to non-suit. We accordingly hold under the facts of this case that the Trial Court must specifically set aside the summary judgment before its order of non-suit can be validly entered.

In light of our disposition of the issue raised by Ms. Clevenger, it is unnecessary to address the issues raised by Dr. Edwards.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Ms. Clevenger and her sureties.

SUSANO, J., and WILLIAM H. INMAN, Senior Judge, concur.

---

**2.** Approving an order for entry is not the same as an agreed order, but only signifies that counsel agrees that the order is in accordance with the pronouncement of the Court.