**Donald R. LACY**

v.

**Wesley B. COX, et al.**

Supreme Court of Tennessee,
at Knoxville.

Sept. 9, 2004 Session.

Nov. 22, 2004.

George R. Garrison, Sevierville, Tennessee, for the appellant, Donald R. Lacy.

Dana Holloway, Knoxville, Tennessee, for the appellee, Jennifer L. Brandon.

## OPINION

FRANK F. DROWOTA, III, C.J., delivered the opinion of the court, in which E. RILEY ANDERSON, JANICE M. HOLDER and WILLIAM M. BARKER, JJ., and J.S. "STEVE" DANIEL, Sp.J., joined.

In a jury trial, the plaintiff moved for and was granted voluntary dismissal without prejudice as of right while the jury was deliberating, and the jury was discharged before returning a verdict. The trial court later acknowledged that it had erred by granting the voluntary dismissal in contravention of Tennessee Rule of Civil Procedure 41.01. However, the trial court nevertheless sustained the voluntary dismissal without prejudice, denying both the defendant's post-trial motion to deem the dismissal to be with prejudice and the plaintiff's motion for a new trial. On appeal, the Court of Appeals held that although a plaintiff's free and unrestricted right to voluntary dismissal ends upon the jury's retirement, a trial court has discretion to grant a voluntary dismissal without prejudice after the jury has retired. However, the Court of Appeals deemed the plaintiff's voluntary dismissal to be with prejudice because the plaintiff had sought and was improperly granted voluntary dismissal as of right after the jury had retired. Reversing the Court of Appeals, we hold that a trial court has no authority to grant a voluntary dismissal without prejudice while the jury is deliberating. The unique aspects of Tennessee Rule of Civil Procedure 41.01, in particular the provision of up to two voluntary dismissals as of right which are available until a significantly late procedural stage, warrant more restriction of a trial court's discretion to grant voluntary dismissal than is required under Federal Rule of Civil Procedure 41 and parallel state rules. Plaintiffs have other procedural avenues, such as the motion for a new trial, to remedy errors which may occur during jury deliberation. Further, allowing trial courts the discretion to grant voluntarily dismissal without prejudice while the jury is deliberating could allow plaintiffs to manipulate the forum and could waste judicial resources, and a trial court's abuse of discretion in that regard would be problematic to remedy adequately. Based on the foregoing, we affirm the judgment of the Court of Appeals that plaintiff's voluntary dismissal in this case shall be with prejudice.

### Factual and Procedural Background

This lawsuit arises from a chain reaction automobile accident that occurred in Sevier County, Tennessee, on or about June 15, 2000. The plaintiff, Donald R. Lacy, while driving his Ford truck northward on State Highway 66, was followed in succession by two similarly northbound cars. According to the plaintiff, the rearmost car, driven by Jennifer L. Brandon, struck the middle car driven by Wesley B. Cox, thereby pushing the Cox vehicle into the plaintiff's truck from the rear.

The plaintiff brought a negligence action against both Brandon and Cox, seeking compensation for property damage and personal injury. After Cox settled, the plaintiff's claim against Brandon proceeded in a two-day trial. After all proof had been presented and the jury instructed, the jury retired to deliberate its verdict. During deliberation, the jury submitted to the trial court two written questions. First, the jury asked whether it could view certain photographs of the defendant's car which had been shown to it during trial. This request was denied because the photographs had not been entered into evidence. Second, approximately two hours after deliberations had begun, the jury asked whether it was obligated to award the plaintiff monetary damages if it concluded that the defendant was at fault. After the trial court answered this question, the plaintiff, perhaps anticipating an unfavorable verdict, moved for voluntary dismissal (or nonsuit) without prejudice. Despite the defendant's objection, the trial court granted the plaintiff's motion as if it were a matter of right.[1] The trial court then informed the jury that the plaintiff's action had been dismissed voluntarily and released the jury from service.

Soon thereafter, the defendant moved the trial court to deem the plaintiff's voluntary dismissal to be with prejudice. The defendant argued that Tennessee Rule of Civil Procedure 41.01(1) prohibits a plaintiff from taking a voluntary dismissal without prejudice once the jury has retired to deliberate; therefore, the trial court erred by granting plaintiff's nonsuit without prejudice.[2] In response, the plaintiff, conceding unabashedly that his motion had been untimely, asked the trial court for a new trial on the ground that the trial court had erred by granting the nonsuit.

During a hearing on the motions, the trial court acknowledged that it had erred by granting voluntary dismissal without prejudice after the jury had retired. Due to the difficulty the trial court had in conceiving of an adequate remedy for its error,[3] the court decided simply to leave intact the voluntary dismissal without prejudice in spite of its impropriety. Consequently, the trial court denied the defendant's motion to deem the voluntary dismissal to be with prejudice and also denied the plaintiff's motion for a new trial.

The defendant appealed the judgment to the Court of Appeals, arguing that the only adequate remedy for the trial court's error was to deem the plaintiff's voluntary dismissal to be with prejudice. In another near reversal of legal position, the plaintiff contended that although his unqualified

---

1. At a post-trial motions hearing, the trial court indicated that it had granted the plaintiff's motion believing (erroneously) that the plaintiff had an absolute right to voluntary dismissal without prejudice even though the jury had retired. The trial court stated, "I did it because at the time I knew of no reason why [the plaintiff could not take a nonsuit,] because if we all go through the cases we have tried, we've seen it over and over and over at almost any time a nonsuit is taken ... there[ is] nothing the other side can do about it." Thus, in granting the nonsuit, the trial court did not profess to have exercised judicial discretion.

2. Counsel for the defendant described the situation as follows: "My client had gone through ... two days of trial ... [and the plaintiff] tried [his] case and when that case goes to the jury, it's over.... And then the jury comes back with an unfavorable question and [the plaintiff] wants a Mulligan." Defendant's counsel contended that "[the defendant] acquired a vested right in having *that case* decided by *that jury*" (emphasis added).

3. The trial court stated, "[H]ere, [nonsuit] was taken and granted under circumstances where the rule is silent and the case law is silent ... as to what is the effect ... [and w]hat is the remedy."

right to take a nonsuit under Tennessee Rule of Civil Procedure 41.01(1) admittedly ended once the jury had retired, the trial court nevertheless had discretion at that procedural stage to grant a voluntary dismissal without prejudice. The plaintiff sought to validate the trial court's judgment on the basis that the court did not abuse its discretion.

The Court of Appeals held that although nonsuit as a matter of right is no longer available once the jury has retired, a trial court nevertheless has discretion to grant a voluntary dismissal without prejudice even while the jury is deliberating. The Court of Appeals based this holding on *Panzer v. King,* 743 S.W.2d 612 (Tenn. 1988). In *Panzer,* this Court held that a trial court has discretion to grant plaintiff a nonsuit after a motion for new trial has been properly granted. *Id.* at 615–16. However, the Court of Appeals relied upon language in *Panzer* that extended *Panzer's* holding beyond the limited procedural context of the granting of a new trial. Specifically, the Court of Appeals appropriately emphasized *Panzer's* statement that its holding applies "at all times subsequent to the retirement of the jury to consider its verdict at the first trial." *Id.* at 616. Although the Court of Appeals criticized *Panzer* in this regard,[4] it pointed out that, as an intermediate appellate court, it "is not at liberty to limit a rule adopted by the Supreme Court."

The Court of Appeals encountered difficulty in crafting an appropriate remedy for the instant case. Given that the trial court granted the nonsuit as if it were a matter of right, the Court of Appeals found it "impossible ... to determine whether the [t]rial [c]ourt abused its discretion when that discretion was never used." Further, concerning how to remedy the trial court's particular error, the Court of Appeals found no guidance in Tennessee case law. Based on analogous decisions from other states[5] and Tennessee Rule of Appellate Procedure 36(a),[6] the Court of Appeals reversed the trial court, holding that the plaintiff's voluntary dismissal was to be with prejudice.

### Standard of Review

◼◼◼ Conclusions of law are subject to de novo review on appeal with no presumption of correctness. *Southern Constructors, Inc. v. Loudon Bd. of Educ.,* 58 S.W.3d 706, 710 (Tenn.2001); *Presley v. Bennett,* 860 S.W.2d 857, 859–60 (Tenn. 1993). Interpretation of the Tennessee Rules of Civil Procedure is a question of law. *Dial v. Harrington,* 138 S.W.3d 895, 897 (Tenn.Ct.App.2003), *per. app. denied* (Tenn. Mar. 22, 2004); *see Green v. Moore,* 101 S.W.3d 415, 418 (Tenn.2003).

### Analysis

◼◼◼ The issue before this Court is whether in a jury trial a trial court has

---

4. The Court of Appeals, stating that "there are inherent difficulties in allowing a trial court discretion to grant a voluntary dismissal without prejudice after the jury retires to consider its verdict," recommended that this Court reconsider the holding of *Panzer.*

5. *Dade County v. Peachey,* 181 So.2d 353 (Fla. Dist.Ct.App.1965) (holding that plaintiff's voluntary dismissal was deemed to be with prejudice because overhearing unfavorable jury deliberations was not a cognizable ground for nonsuit); *Pardue v. Darnell,* 148 N.C.App.

152, 557 S.E.2d 172 (2001) (holding that, where plaintiff, after voluntary dismissal as of right had ceased to be available, voluntarily dismissed without seeking leave of the trial court, such dismissal was deemed to be with prejudice).

6. "Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Tenn. R.App. P. 36(a).

discretion to grant a plaintiff voluntary dismissal without prejudice while the jury is deliberating. Voluntary dismissal is governed by Tennessee Rule of Civil Procedure 41.01, which states in relevant part:

> [T]he plaintiff *shall have the right to take a voluntary nonsuit to dismiss an action without prejudice* by filing a written notice of dismissal at any time before the trial of a cause ...; or by an oral notice of dismissal made in open court during the trial of a cause; or *in jury trials at any time before the jury retires to consider its verdict* and prior to the ruling of the court sustaining a motion for directed verdict.

Tenn. R. Civ. P. 41.01(1) (emphasis added). A plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated [7] in Rule 41.01(1) as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right. *Anderson v. Smith*, 521 S.W.2d 787, 790 (Tenn.1975).[8] A plaintiff is further limited to taking no more than two nonsuits without prejudice, Tenn. R. Civ. P. 41.01(2), and nonsuit cannot be taken more than one year after an initial dismissal.[9] As long as none of these exceptions and limitations serve to restrict dismissal, Rule 41.01(1) affords a plaintiff the free and unrestricted right to volun-

tary dismissal without prejudice before the jury retires. *Rickets v. Sexton*, 533 S.W.2d 293, 294 (Tenn.1976); *Stewart v. Univ. of Tenn.*, 519 S.W.2d 591, 592 (Tenn. 1974); *see* Lawrence A. Pivnick, Tenn. Circuit Court Practice, § 23:1, at 834–35 (2003). In such instance, "The lawyer for the plaintiff is the sole judge of the matter and the trial court has no control over it." *Rickets*, 533 S.W.2d at 294. A pro forma order must be entered by the trial court for ministerial and procedural purposes. Tenn. R. Civ. P. 41.01(3).[10]

Although Rule 41.01(1) plainly provides for voluntary dismissal as a matter of right, the Rule does not expressly prohibit a trial court from exercising its discretion thereafter to grant voluntary dismissal without prejudice; in this respect, Tennessee's Rule 41.01 differs significantly from its federal counterpart. Federal Rule of Civil Procedure 41(a) outlines a two-prong approach to voluntary dismissal. First, subject to certain exceptions, a plaintiff may as a matter of right voluntarily dismiss without prejudice "at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs...." Fed.R.Civ.P. 41(a)(1). Notably, under Tennessee Rule 41.01(1), the availability of nonsuit as of right terminates at a considerably later

---

**7.** Rule 41.01(1) limits that the right to nonsuit, providing that it shall be taken "[s]ubject to the provisions of Rule 23.05 [requiring court approval for voluntary dismissal of class actions], Rule 23.06 [requiring court approval for voluntary dismissal of shareholder derivative actions] or Rule 66 [requiring court approval for voluntary dismissal of actions wherein a receiver has been appointed] or any statute, and except when a motion for summary judgment made by an adverse party is pending...."

**8.** "Though not stated in the rule, the right of plaintiff to a nonsuit is subject to the further restriction that the granting of the nonsuit will not deprive the defendant of some right

that became vested during the pendency of the case." *Anderson*, 521 S.W.2d at 790.

**9.** A one-year saving statute circumscribes the period in which a plaintiff is entitled to take a second voluntary dismissal without prejudice. *See* Tenn.Code Ann. § 28–1–105 (2000); Tenn. R. Civ. P. 41.01(2)-(3); *Frazier v. E. Tenn. Baptist Hosp., Inc.*, 55 S.W.3d 925, 927–28 (Tenn.2001).

**10.** "The date of the entry of the order will govern the running of pertinent time periods," Tenn. R. Civ. P. 41.01(3), such as the one-year saving statute of Tennessee Rule of Civil Procedure 41.01(2).

procedural stage than under Federal Rule 41(a)(1). Second, Federal Rule 41(a)(2) provides that where Rule 41(a)(1) does not govern, a plaintiff may obtain voluntary dismissal without prejudice "upon order of the court and upon such terms and conditions as the court deems proper." On the other hand, Tennessee Rule 41.01, containing no provision parallel to Federal Rule 41(a)(2), remains silent on the matter of a trial court's discretionary power.

Some Tennessee decisions have inferred from the silence of Tennessee Rule 41.01(1) a trial court's discretionary power to grant or to deny voluntary dismissal. In *Stewart*, this Court held:

> The Federal Rule provides for voluntary dismissal by "order of court." The Tennessee Rule contains no specific authorization for such voluntary dismissal, but it is implicit in the Rule and inherent in the power of the Court that, under a proper set of circumstances, the Court has the authority to permit a voluntary dismissal, notwithstanding the pendency of a motion for summary judgment.

519 S.W.2d at 593; *see also, e.g., Anderson*, 521 S.W.2d at 790 (following *Stewart*); *Oliver v. Hydro–Vac Servs., Inc.*, 873 S.W.2d 694, 695–96 (Tenn.Ct.App. 1993) (following *Stewart*). Similarly, in *Panzer v. King*, 743 S.W.2d 612, 615–16 (Tenn.1988), this Court held that after a new trial has been granted, a trial court has discretion to grant voluntary dismissal without prejudice, although a defendant retains the right to appeal the trial court's decision to grant a new trial.

In *Panzer*, the plaintiff sued for the wrongful death of his daughter in a car accident. *Id.* at 613. Contending that the verdict of $15,200 was inadequate, the plaintiff filed a motion seeking alternative-ly additur or a new trial. The trial court granted a new trial based on the inadequate verdict and on juror misconduct.[11] *Id.* After the trial court granted a new trial, the plaintiff then moved for and was granted voluntary dismissal without prejudice. *Id.* at 613–14. The defendant unsuccessfully appealed the order of the nonsuit. This Court, reversing the Court of Appeals, held that the defendant had a "vested right of appellate review" of the trial court's granting of a new trial which may not be extinguished by the plaintiff's voluntary dismissal. *Id.* at 614. However, this Court further held that where an appellate court determines that a new trial has been granted correctly, the trial court would then have discretion to grant a plaintiff's voluntary dismissal without prejudice. *Id.* at 615–16. *Panzer's* holding thus arose within a very specific procedural context: voluntary dismissal following the grant of a new trial.

Unfortunately, the holding of *Panzer* was articulated broadly in a manner that extended unnecessarily beyond its limited procedural context. The *Panzer* Court adopted the majority position among the states which provides that the right to voluntary dismissal as of right terminates "at some point in the first trial, and *thereafter, the granting of such dismissal is within the sound discretion of the trial judge.*" *Id.* at 615 (emphasis added). The *Panzer* Court concluded: "In conformity with the majority of jurisdictions, we adopt the rule as stated herein, *applicable at all times subsequent to the retirement of the jury to consider its verdict at the first trial.*" *Id.* at 616 (emphasis added).

The majority rule which *Panzer* expressly adopted is substantially the same

---

11. Some of the jurors conducted unauthorized, independent factual investigation, and the jury also improperly discussed the defendant's liability insurance coverage. *Panzer*, 743 S.W.2d at 613.

as the Federal Rule of Civil Procedure 41 [12] and the rules of many states that mirror the federal scheme.[13] *See id.* at 616. In short, *Panzer* imported the second prong of the federal scheme into the silence of Tennessee Rule of Civil Procedure 41.01. Although the broad language of *Panzer* affords trial courts the discretion to grant voluntary dismissal while the jury is deliberating, the *Panzer* opinion contains no indication that the Court therein contemplated the significant differences between the federal rule and Tennessee Rule of Civil Procedure 41.01.

■ With respect to the issue now before us, the manner in which Tennessee Rule of Civil Procedure 41.01(1) differs from Federal Rule 41 is of crucial importance. As with several other states, Tennessee's Rule 41.01 not only departs from the federal two-prong scheme, *see supra*, but also terminates voluntary dismissal as of right at a procedural stage that is significantly later than what Federal Rule 41 provides. Whereas Federal Rule 41(a) terminates voluntary dismissal as of right upon service of an answer or a motion for summary judgment, whichever first occurs, Tennessee Rule 41.01(1) allows for voluntary dismissal in a jury trial "at any time before the jury retires to consider its verdict...." [14] Under the federal scheme, voluntary dismissal as of right ends—and voluntary dismissal by order of the court begins—at the *pretrial* stage; it is thus reasonable that a federal district court might exercise its discretion to grant voluntary dismissal without prejudice shortly after the right to nonsuit has expired, for example early on the first day of trial. However, the combination of the late termination point for voluntary dismissal as of right in Tennessee Rule 41.01 (retirement of the jury) with *Panzer's* importation of the second federal prong into Rule 41.01 produces a rather anomalous situation: the *earliest* trial stage at which a Tennessee trial court may exercise its discretion to grant voluntary dismissal without prejudice is during the jury's deliberation of its verdict. In the context of a trial, jury deliberation is a late and unique procedural moment.[15]

12. Federal Rule of Civil Procedure 41(a) provides a two-prong approach wherein nonsuit by order of the court becomes available immediately after the absolute right to nonsuit terminates. *See supra.*

13. *See, e.g.,* Ind. R. Proc., Trial R. 41(A); Kan. Stat. Ann. § 60–241(a); Ky. R. Civ. P. 41.01; Mass. R. Civ. P. 41; Mich. Comp. R. 2.504(A); Miss. R. Civ. P. 41(a); Nev. R. Civ. P. 41(a); *Rose v. Rose*, 526 N.E.2d 231, 234 (Ind.Ct. App.1988); *Gideon v. Bo–Mar Homes, Inc.,* 205 Kan. 321, 469 P.2d 272, 276–77 (1970); *Smith v. H.C. Bailey Cos.,* 477 So.2d 224, 230 (Miss.1985); *Monroe, Ltd. v. Cent. Tel. Co., Southern Nev. Div.,* 91 Nev. 450, 538 P.2d 152, 154 (1975).

14. In non-jury trials, the absolute right to voluntary dismissal without prejudice continues only "until the matter has been finally submitted to the court for determination on the merits." *Weedman v. Searcy,* 781 S.W.2d 855, 857 (Tenn.1989). The Court in *Weedman* also stated that "[t]he right [to voluntary dismissal] does not continue in a jury case after the jury retires." *Id.* Even though *Weedman* was decided after *Panzer*, the Court in *Weedman* did not address the issue now before the Court.

15. By the time a case is submitted to the jury for a verdict, much has occurred: a complaint and an answer have been filed, pretrial discovery and motions have been completed, evidence has been presented, and the parties have argued their case. *Cf.* Charles Alan Wright & Arthur R. Miller, 9 Fed. Practice and Proc. Civ.2d § 2364 (Under the federal guidelines for the exercise of discretion in granting voluntary dismissal, "[i]f the motion is made at an early stage of the case, before much has happened and only limited resources have been invested, it is more likely to be granted. Dismissal may still be allowed at later stages, although an especially strong showing is required....").

Although Tennessee Rule 41.01(1) supersedes predecessor and conflicting statutes, *see* Tenn.Code Ann. §§ 16–3–402, – 406 (1994), comparison of the particular language of Rule 41.01(1) with its statutory background is nonetheless instructive, *cf. State v. Brewer*, 989 S.W.2d 349, 355 n. 4 (Tenn.Crim.App.1997) (comparing Tennessee Rule of Criminal Procedure 41(c) to its predecessor statutes). The language in Rule 41.01(1) that voluntary dismissal may be taken in jury trials "at any time before the jury retires to consider its verdict"— and its silence concerning what may happen thereafter—remains in step with a long tradition of predecessor Tennessee statutes that terminated a plaintiff's right to nonsuit at the jury's retirement.[16] Authorities interpreting these predecessor statutes indicate that once the jury had retired, voluntary dismissal was absolutely prohibited.[17] For example, in *Liggins v. Padawer*, 14 Tenn.App. 201 (1931) (applying Shannon's Code section 4689), the

16. The old common law rule that a plaintiff could take a nonsuit as of right at any time until a verdict was recorded, *see Graves v. Union Ry. Co.*, 177 Tenn. 699, 152 S.W.2d 1026, 1028 (1941), was statutorily superseded by the Act of November 2, 1801, which terminated the right to nonsuit once the jury had retired. Laws of Tenn., ch. 6, § 58 (1801) ("[E]very person desirous of suffering a nonsuit on trial at law, shall be barred therefrom, unless he do so before the jury retire from the bar."). A subsequent, unbroken line of statutes stretching up to the adoption of the Tennessee Rules of Civil Procedure in 1970 retained this termination point, although versions subsequent to the Act of 1801 did not expressly prohibit nonsuit after the jury had retired. *See* Order of Tennessee Supreme Court, 223 Tenn. 655, 751–52 (1970) (adopting Tennessee Rule of Civil Procedure 41.01); Tenn.Code Ann. § 20–1311 (1956) ("The plaintiff may, at any time before the jury retires, take a nonsuit or dismiss his action as to any one or more defendants...."); Tenn. Code of 1932 § 8816 ("The plaintiff may, at any time before the jury retires, take a nonsuit or dismiss his action as to any one or more defendants...."); Ann.Code of Tenn. § 4689 (Shannon 1896) [hereinafter "Shannon's Code"] ("The plaintiff may, at any time before the jury retires, take a nonsuit or dismiss his action as to any one or more defendants...."); Tenn.Code of 1884 § 3678 (Milliken & Vertrees) ("The plaintiff may, at any time before the jury retires, take a non-suit, or dismiss his action, as to any one or more defendants...."); Tenn.Code of 1871 § 2964 (Thompson & Steger) ("The plaintiff may, at any time before the jury retires, take a nonsuit, or dismiss his action, as to any one or more defendants...."); Tenn.Code of 1858 § 2964 ("The plaintiff may, at any time before the jury retires, take a non-suit, or dismiss his action, as to any one or more defendants....").

17. For example, in *Cunningham v. Memphis R.R. Terminal Co.*, 126 Tenn. 343, 149 S.W. 103, 106 (1912), this Court construed Shannon's Code section 4689 identically to section 4691 which provided that in non-jury trials, nonsuit "shall be made before the cause is finally submitted to the court, *and not afterward*" (emphasis added). The Court stated, "Construing the two sections together, it is clear that a nonsuit *cannot be taken* after the jury has retired to consider its verdict in a jury case...." *Id.* (emphasis added). *See also, e.g., Darby v. Pidgeon Thomas Iron Co.*, 144 Tenn. 298, 232 S.W. 75 (1921) ("In a jury case the plaintiff may take a nonsuit 'at any time before the jury retires'—that is, before the jury has begun to 'consider of their verdict'—*but not thereafter.*") (emphasis added) (citations omitted); *B.E. Dodd & Son v. Nashville, Chattanooga & St. Louis Ry. Co.*, 120 Tenn. 440, 110 S.W. 588, 590 (1908) (holding that, in courts of law, "[i]f the nonsuit be not taken before [the case is submitted to the jury], the case *must proceed to judgment upon the merits.*") (emphasis added); *Nashville, Chattanooga & St. Louis Ry. Co. v. Sansom*, 113 Tenn. 683, 84 S.W. 615, 616–17 (1904) (holding that "there *shall be no nonsuit allowed* after a case has been fully committed to the consideration of the jury" and refusing to decide whether a court might ever be allowed discretion to grant a nonsuit once a plaintiff's absolute right has ended) (emphasis added); Annotation No. 4., Shannon's Code § 4689 ("[U]nder the statute, [nonsuit] *must* be taken before the jury retires ....") (emphasis added).

plaintiff, unnerved by a jury question that forebode an unfavorable verdict, moved for and was denied nonsuit while the jury was deliberating. On appeal from a verdict for the defendant, the Court of Appeals held that plaintiff's motion "came too late." *Id.* at 204. This case illustrates how courts interpreted the silence of the statutes antecedent to Rule 41.01(1) as prohibiting voluntary dismissal during jury deliberation.

With the adoption of the Tennessee Rules of Civil Procedure, however, the statutory language governing voluntary dismissal was incorporated into a new, rule-based context influenced strongly by the Federal Rules of Civil Procedure. This change naturally and appropriately occasioned some development of Tennessee case law along the lines of federal precedents, such as occurred in *Panzer.* The Court in *Panzer* failed, however, to pay adequate attention to the particular language of Tennessee Rule 41.01(1) and to the consequences of adopting a rule framed more broadly than necessitated by the procedural posture of the case before it.

We therefore hold that a trial court has no authority to grant a voluntarily dismissal without prejudice from the time the jury has retired up to the jury's rendering of a verdict; in other words, a trial court has no authority to grant a voluntary dismissal without prejudice while the jury is deliberating. This bright-line rule should be practicable and clear. We do not disturb *Panzer,* however, insofar as it holds that a trial court has discretion to grant voluntary dismissal without prejudice subsequent to the prop-

er granting of a new trial. The proper grant of a new trial is sufficiently analogous to the commencement of a new action to justify nonsuit under the proper circumstances and subject to such terms and conditions as the court in its sound discretion deems "appropriate to prevent [the] defendant from being unfairly affected." *Panzer,* 743 S.W.2d at 612. Further, we need not decide herein whether voluntary dismissal at the court's discretion may be appropriate in other post-trial procedural contexts.

Our holding is supported by important policy and other considerations. First, prohibiting voluntary dismissal while the jury is deliberating is necessary to preserve a fair balance between the interests of plaintiffs and defendants in Tennessee. Some of our sister states resemble Tennessee inasmuch as they allow voluntary dismissal as of right until the jury retires, yet they nevertheless provide for voluntary dismissal by order of the court thereafter. For example, Arkansas Rule of Civil Procedure 41(a)(1) states that "an action may be dismissed without prejudice to a future action by the plaintiff before final submission of the case to the jury . . .," and Arkansas case law has held that "when it is requested by the plaintiff after final submission of the case, whether to grant a motion for voluntary nonsuit lies within the discretion of the trial court," *White v. Perry,* 348 Ark. 675, 74 S.W.3d 628, 632 (2002) (citing *Wright v. Eddinger,* 320 Ark. 151, 894 S.W.2d 937 (1995)). However, Arkansas limits a plaintiff to a single voluntary dismissal without prejudice as of right whereas Tennessee allows up to two such dismissals.[18] Other states

18. *Compare* Ark. R. Civ. P. 41(a)(2) ("A voluntary dismissal under paragraph (1) operates as an adjudication on the merits when filed by a plaintiff who has *once* dismissed in any court of the United States or of any state . . . .") (emphasis added) *with* Tenn. R. Civ. P. 41.01(2) ("[A] notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has *twice* dismissed in any court . . . .") (emphasis added).

that allow for discretionary nonsuit after retirement of the jury also tend to restrict the number of voluntary dismissals without prejudice as of right to one.[19] Tennessee thus already supplies plaintiffs liberally with the right to two voluntary dismissals without prejudice.

Second, procedural avenues other than voluntary dismissal are available to plaintiffs in order to remedy trial defects. For example, a plaintiff who perceives a problem—such as jury misconduct—during the jury's deliberation may after judgment has been entered move for a new trial or for amendment of the verdict. Tenn. R. Civ. P. 59; see Pivnick, Tenn. Circuit Court Practice, §§ 28:1–4. Alternatively, a plaintiff whose motion for directed verdict at the close of all evidence was not granted may after judgment has been entered move for directed verdict. Tenn. R. Civ. P. 50.02; see Pivnick, Tenn. Circuit Court Practice, § 28:6.

Third, a rule affording trial courts the discretion to grant voluntary dismissals during jury deliberation would be problematic. Conceiving of scenarios in which a plaintiff would have a valid reason for seeking nonsuit while the jury is deliberating is itself a formidable task. Even assuming a valid reason were present, it would be difficult to provide an adequate remedy should a trial court abuse its discretion in granting or denying such dismissal. Given that jury deliberation is a unique procedural event in which the parties typically have no active involvement, plaintiff's motion most likely would result from reading the jury's countenance, demeanor, and questions for signs of an imminent unfavorable verdict.[20] Allowing nonsuit on such grounds might enable plaintiffs to use voluntary dismissals to

**19.** *See, e.g.,* Mo. Ann. Stat. § 510.130(1) (West 2002) (allowing plaintiffs a single opportunity to dismiss voluntarily without prejudice as of right "at any time before the same is finally submitted to the jury ... and not afterward" and providing a second opportunity to nonsuit "after the jury has been impaneled" only by order of the court); Va.Code Ann. § 8.01–380(A)–(B) (Michie 2004) (allowing voluntary dismissal as of right "before a motion to strike the evidence has been sustained or before the jury retires from the bar" and providing that "[o]nly one nonsuit may be taken ... as a matter of right" with additional nonsuits available only by order of the court).

**20.** *Cf. Fenton v. Thompson,* 352 Mo. 199, 176 S.W.2d 456 (1943). In *Fenton,* a tort action, the case was tried and submitted to the jury, but before the jury returned a verdict, the plaintiff moved for and was granted voluntary dismissal. *Id.* at 458, 461. Because the trial court failed to designate whether the dismissal was with or without prejudice, by default it was considered to be without prejudice. *Id.* at 460. On appeal, the defendant claimed that because plaintiff's motion came after the statutory termination point for voluntary dismissal, the dismissal should be deemed to be with prejudice. *Id.* at 460–61. The Missouri

Supreme Court held that the trial court's order was clearly erroneous because it contravened a Missouri statute terminating the right to voluntary dismissal once the jury had retired. *Id.* at 463. Concerning the specific remedy, the Court asked:

> [I]f we assume a plaintiff has had his day in court with everything the law gave him, with no error in the record and no legal grounds for a new trial or for setting the submission aside, may he, after a voluntary submission of the cause to the jury, have another trial of the cause in a court of law before another jury merely because, for some reasons, he has reached the conclusion (after submission) that the verdict will be unfavorable on the merits or on the amount of damages?

*Id.* The Court reasoned that by withdrawing her case from the jury, the plaintiff "waived her right to a verdict by the jury. She, in effect, recognized that the verdict would be adverse to her and was unwanted by her, and by her conduct she authorized a dismissal 'with prejudice' in lieu thereof." *Id.* at 464. The Court thus concluded that plaintiff's dismissal was to be with prejudice, and that so holding did not violate the plaintiff's constitutional right to trial by jury. *Id.*

shop for a favorable jury, an eventuality which not only would provide plaintiffs with an unfair advantage over defendants, but also could waste judicial resources on multiple trials that are complete except for the verdict. As stated above, a plaintiff already has procedural remedies, like the motion for new trial, for redressing trial errors, including errors occurring during jury deliberation. For the foregoing reasons, this Court determines that the bright-line rule which we adopt herein is appropriate.

■ In this case, after the jury posed questions which indicated to the plaintiff that a potentially unfavorable verdict was to come, the plaintiff moved for voluntary dismissal as of right when the plaintiff no longer had such right under Tennessee Rule of Civil Procedure 41.01. Further, the trial court was not asked nor did it purport to exercise judicial discretion pursuant to *Panzer* in granting the nonsuit. Having thus occasioned the trial court's erroneous grant of a voluntary dismissal as of right, the plaintiff later moved for and was denied a new trial. Under such circumstances, allowing the plaintiff to take voluntary dismissal without prejudice would contradict the reasons supporting our holding that a trial court has no authority to grant a voluntary dismissal without prejudice while the jury is deliberating. Therefore, we hold that the plaintiff's voluntary dismissal in this case shall be with prejudice.

### Conclusion

Based on our holding herein that the granting of voluntary dismissal without prejudice is prohibited while the jury is deliberating, the judgment of the Court of Appeals in this respect is reversed. However, we affirm the Court of Appeals' judgment that in the instant case the plaintiff's voluntary dismissal shall be deemed to be with prejudice. Costs of this appeal are taxed to the plaintiff, Donald R. Lacy.