IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 19, 2016 Session

## MARK T. HARTHUN v. JOAN M. EDENS

**Appeal from the Chancery Court for Shelby County**
**No. CH1414411     Walter L. Evans, Chancellor**

———————————————————

**No. W2015-00647-COA-R3-CV – Filed March 17, 2016**
———————————————————

This appeal arises from a contract to purchase real estate. Appellee contracted to sell Appellant the property at issue, subject to the property appraising at a certain value and the Appellant obtaining financing. Upon discovering that the property was subject to an easement held by the Tennessee Valley Authority, Appellant refused to purchase the property, contending that Appellee could not convey good and marketable title. Appellee filed suit for specific performance and also sought injunctive relief to prevent Appellant from purchasing other real property. In response, Appellant first filed a motion for summary judgment. Later, Appellant filed an answer and countercomplaint, seeking damages for breach of contract. Appellant then filed a motion for voluntary nonsuit of her countercomplaint and, on the same day, filed an amended motion for summary judgment. Appellee then filed a motion for leave to take a voluntary nonsuit. After Appellee filed his motion for nonsuit, Appellant filed a motion for attorney's fees, costs, and the return of earnest money. The trial court granted Appellee's motion for nonsuit, notwithstanding the Appellant's pending motion for summary judgment. The trial court denied Appellant's motion for attorney's fees and costs, but granted the motion for return of earnest money. Appellant appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed in Part, Vacated in Part, and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which ARNOLD B. GOLDIN, and BRANDON O. GIBSON, JJ., joined.

David L. Pool and Kevin D. Hudson, Memphis, Tennessee, for the appellant, Joan M. Edens.

Robin H. Rasmussen and Megan L. Black, Memphis, Tennessee, for the appellee, Mark T. Harthun.

# OPINION

## I. Background

On August 19, 2014, Mark Harthun ("Appellee") and Joan Edens ("Appellant") executed a "Purchase and Sale Agreement" ("the Agreement") by which Mr. Harthun contracted to sell property located at 6493 Keswick Cove, Memphis, Tennessee, 38119 ("the Property") to Ms. Edens for $158,000.00. As part of the Agreement, Ms. Edens posted $500.00 as earnest money. The Agreement contained the following provision:

> Seller warrants at the time of Closing, Seller will convey or cause to be conveyed to Buyer or Buyer's assign(s) good and marketable title to said Property by general warranty deed, subject only to:
> (1)   zoning;
> (2)   setback requirements and general utility, sewer, and drainage easements of record on the Binding Agreement Date upon which the improvements do not encroach;
> (3)   subdivision and/or condominium declarations, covenants, restrictions, and easements of record on the Binding Agreement Date; and
> (4)   leases and other encumbrances specified in this agreement.
>
> If [a] title examination, closing or loan survey pursuant to Tenn. Code Ann. § 62-18-126, boundary line survey, or other information discloses material defects, Buyer may, at Buyer's discretion:
>
> (1)   accept the Property with the defects **OR**
> (2)   require Seller to remedy such defects prior to the Closing Date. Buyer shall provide Seller with written notice of such defects via the Notification form or equivalent written notice. If defects are not remedied prior to Closing Date, Buyer and Seller may elect to extend the Closing Date by mutual written agreement evidenced by the Closing Date/Possession Amendment form or other written equivalent. If defects are not remedied by the Closing Date or any mutually agreed upon extension thereof,

- 2 -

this Agreement shall terminate, and Buyer shall be entitled to refund of Earnest Money.

The Agreement also contained a provision for attorney's fees: "In the event that any party hereto shall file suit for breach or enforcement of this Agreement…the prevailing party shall be entitled to recover all costs of such enforcement, including reasonable attorney's fees."

Also on August 19, 2014, Ms. Edens signed a "Property Condition Disclosure" form acknowledging the condition of the property. Included on this form was a box, which was checked, indicating that the property was subject to a "utility easement." The closing date of the transaction was originally set for September 19, 2014. On September 12, 2014, the parties amended the Agreement moving the closing date to October 15, 2014. Upon learning that one of the easements on the property was held by the Tennessee Valley Authority ("TVA") and encompassed a substantial portion of the property, Ms. Edens sent a "Notification" dated September 23, 2014 to Mr. Harthun requiring that Mr. Harthun "remedy" the defect of TVA's easement on the property. Ms. Edens later notified Mr. Harthun that she would not be purchasing the property because she considered the TVA easement an impairment on the property's title.

On September 26, 2014, Appellee filed a complaint in the Chancery Court of Shelby County, seeking to enjoin Appellant from entering into any other contracts to buy real property and to require specific performance by Appellant. On October 2, 2014, Appellant filed a motion for summary judgment. On the same day, Appellant filed a "Response to Plaintiff's Petition for Injunctive Relief." On October 20, 2014, Appellant filed an answer and countercomplaint, asserting various defenses to the contract and claiming damages for breach of contract and violations of Tennessee Code Annotated Sections 66-5-201, *et seq*.

On November 17, 2014, Appellant filed a "Notice of Entry Upon Land for Inspection and Other Purposes." On November 18, 2014, the trial court entered an order denying Appellee's petition for a temporary injunction. On December 29, 2014, Appellant filed a motion to compel Appellee to comply with her notice of entry. On January 22, 2015, Appellant filed an amended motion for summary judgment. That same day, Appellant filed a notice of voluntary nonsuit dismissing her counterclaims against Appellee. On January 23, 2015, the trial court entered an order granting Appellant's nonsuit. On February 04, 2015, Appellee filed a motion for leave to take a voluntary nonsuit and a request to strike Appellant's appraisal of the property.

On March 10, 2015, Appellant filed a motion for attorney's fees as the prevailing party and for the return of her earnest money. On March 13, 2015, the trial court entered an order granting Appellee's motion for nonsuit notwithstanding Appellant's pending motion for summary judgment. On March 27, 2015, the trial court entered an amended order to correct a mistake in its March 13, 2015 order. Also on March 27, 2015, the trial court

entered an order granting Appellant's motion for the return of earnest money, but denied her motion for attorney's fees and costs.  Appellant filed her notice of appeal on April 6, 2015.

## II. Issues

Appellant presents two issues on appeal:

1. Whether the trial court erred in granting Appellee's motion for a voluntary nonsuit.
2. Whether the trial court erred in not awarding Appellant attorney's fees as the prevailing party.

## III. Analysis

### A. Trial Court's Grant of Voluntary Nonsuit

"Our review of a trial court's decision to permit or to disallow a voluntary dismissal…is governed by an abuse of discretion standard." *Gordon v. Wilson*, No. 02A01-9611-CV-00282, 1998 WL 315940 (Tenn. Ct. App. June 17, 1998) (citing *Stewart v. University of Tennessee*, 519 S.W.2d 591, 592 (Tenn. 1974)).  A trial court abuses its discretion when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).  When reviewing for an abuse of discretion, "an appellate court cannot substitute its judgment for that of the trial court." *Pratcher v. Methodist Healthcare Memphis Hosps.*, 407 S.W.3d 727, 741 (Tenn. 2013).

Appellant contends that the trial court erred when it granted Appellee's motion for voluntary nonsuit.  Specifically, Appellant argues that the trial court abused its discretion because it violated Tennessee Rule of Civil Procedure 41.01.  Appellee argues that the trial court acted within its discretion.

Tennessee Rule of Civil Procedure 41.01 provides, in pertinent part, that "*except when a motion for summary judgment is pending*, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial…." (emphasis added).  "Rule 41…provides that a party has a right to take a voluntary nonsuit to dismiss an action without prejudice except when a motion for summary judgment is pending." *Oliver v. Hydro-Vac Services Inc.*, 873 S.W.2d 694, 695 (Tenn. Ct. App. 1993).  "Thus, 'in most situations, a voluntary non-suit may be taken as a matter of right.  However, such is not the case when a motion for summary judgment is pending.'" *Ewan v. Hardison Law Firm*, 465 S.W.3d 124, 130 (Tenn. Ct. App. 2014) (quoting *Clevenger v. Baptist Health Systems*, 974 S.W.2d 699, 700 (Tenn. Ct. App. 1997)) (emphasis omitted).  Despite Rule 41.01's prohibition, "under a proper set of

circumstances, the Court has the authority to permit a voluntary dismissal, notwithstanding the pendency of a motion for summary judgment." *Stewart*, 519 S.W.2d at 593. "[T]he trial judge, in the exercise of his sound judicial discretion, [has] the authority to grant [a plaintiff's motion for voluntary nonsuit], upon a proper showing." *Id.*

It is undisputed that Appellee filed his motion for voluntary nonsuit after Appellant filed her motion for summary judgment. Under Rule 41.01, Appellee could no longer take a nonsuit as of right after Appellant's motion for summary judgment was filed. Rather, the decision to grant the nonsuit rested within the trial court's discretion. As discussed above, a trial court has the discretion to grant a nonsuit despite a pending motion for summary judgment. Therefore, we cannot conclude that the trial court abused its discretion in this case merely because it granted Appellee's motion for nonsuit. However, this does not end our review.

The trial court generally has discretion to grant a nonsuit notwithstanding a pending motion for summary judgment, however, it is not entitled to do so in all cases. "'The general rule is that where the right to take a voluntary dismissal is in the discretion of the trial court, it should be granted absent some showing of plain legal prejudice to the defendant.'" *Oliver*, 873 S.W.2d at 696 (quoting *Price v. Boyle Inv. Co.*, 1990 WL 60659, at \*3 (Tenn. Ct. App. May 11, 1990), *perm. app. denied* (Tenn. June 11, 1990)). "'The possibility of one being subjected to a second lawsuit is insufficient legal prejudice.'" *Id.* (quoting *Price*, 1990 WL 60659, at \*3.) Appellant presents several arguments as to why she was prejudiced by the trial court's grant of the nonsuit. First, Appellant argues that she was prejudiced by the grant of Appellee's motion for nonsuit because she demonstrated valid defenses to Appellee's claims. Second, Appellant argues that the Appellee's motion for voluntary nonsuit was designed to avoid an adverse ruling in the case. Finally, Appellant argues that she was prejudiced because she was barred from seeking attorney's fees.

Sufficient prejudice to block the grant of a voluntary dismissal may include when the non-movant presents "a valid defense, such as the statute of limitations, to the plaintiff's claims." *Hamilton v. Cook*, No. 02A01-9712-CV00324, 1998 WL 704528, at \*5 (Tenn. Ct. App. Oct. 12, 1998) (citing *Metropolitan Fed. Bank v. W.R. Grave & Co.*, 999 F.2d 1257, 1262-63 (8th Cir. 1993)). Sufficient prejudice may also "exist where the plaintiff moves for a voluntary dismissal after participating in a hearing where the trial judge expresses an adverse opinion on the merits of the plaintiff's claim. *Id.* (citing *Piedmont Interstate Fair Ass'n v. Bean*, 209 F.2d 942, 947-48 (4th Cir. 1954)). "A plaintiff's right to voluntary dismissal without prejudice is subject to…an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right." *Ewan v. Hardison Law Firm*, 465 S.W.3d 124, 130 (Tenn. Ct. App. 2014) (quoting *Lacy v. Cox*, 152 S.W.3d 480, 484 (Tenn. 2004)).

The record does not reveal that Appellant has been prejudiced by the trial court's grant

of Appellee's motion for a nonsuit. While Appellant did present defenses to Appellee's claims, none are statutory in nature. We also reject Appellant's claim that the trial judge expressed an adverse opinion on the merits of Appellee's case. There is nothing in the record, either in the trial court's orders or in the transcript, to indicate that the trial court expressed an adverse opinion on the merits of Appellee's case. Finally, we reject Appellant's argument that she was deprived of a vested right. Appellant claims that she was deprived of a vested right to seek attorney's fees and costs. Appellant moved for an award of her attorney's fees and costs, which the trial court considered and denied. While Appellant was not successful in seeking fees and costs, she was not prevented from pursuing them. Because Appellant was not prejudiced, we conclude that the trial court did not abuse its discretion by granting Appellee's motion for a voluntary nonsuit.

## B. Prevailing Party

In its order on Appellant's Motion Requesting Costs and Attorney Fees as the Prevailing Party and Return of Earnest Money, the trial court denied Appellant's request for attorney's fees. Appellant argues that the trial court erred in its ruling because she was the prevailing party in this litigation and, under the terms of the Agreement, was entitled to attorney's fees. Appellee argues that Appellant is not the prevailing party in this lawsuit and, therefore, she is not entitled to attorney's fees.

Unfortunately, we do not reach the merits of this issue because the trial court did not make sufficient and relevant findings of fact and conclusions of law in compliance with Tennessee Rule of Civil Procedure 52.01. Tennessee Rule of Civil Procedure 52.01 states that "[i]n all actions tried upon the facts without a jury, the court *shall* find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." (emphasis added). Prior to July 1, 2009, trial courts were not required to make findings of fact and conclusions of law unless requested by the parties. *See Poole v. Union Planters Bank N.A.*, 337 S.W.3d 771, 791 (Tenn. Ct. App. 2010). Rule 52.01 now mandates that trial courts make findings of fact and conclusions of law regardless of the parties' request. This requirement is not a "mere technicality." *See Hardin v. Hardin*, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *3 (Tenn. Ct. App. Dec. 27, 2012) (quoting *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. 2009)). "[F]indings and conclusions facilitate appellate review by affording a reviewing court a clear understanding of the basis of the trial court's decision." *Lovlace v. Copley*, 418 S.W.3d 1, 34 (Tenn. 2013). "There is no bright-line test by which to assess the sufficiency of factual findings, but 'the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue.'" *Id.* at 35 (citing 9C CHARLES WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURES § 2571 at 219-233 (3d ed. 2005)).

The March 27, 2015 order denying Appellant's motion for attorney fees and costs merely concludes that Appellant is not entitled to costs and fees. Specifically, the order states:

> This matter came before the Court on March 20, 2015, upon [Appellant's] Motion Requesting Costs and Attorney Fees as the Prevailing Party and Return of Earnest Money ("Motion"). Upon consideration of [Appellant's] Motion and supporting Memorandum, [Appellee's] Response in Opposition and supporting Memorandum, and argument of counsel, the Court finds that Defendant's Motion, limited to the demand for the return of $500 in earnest money is well taken, and should be granted. The Court denies the request for costs under Rule 54.04 of the Tennessee Rules of Civil Procedure, and denies the request for costs and attorney's fees under the Purchase and Sale Agreement entered into by the Parties on August 19, 2014.

In this case, the Agreement between the parties contains a provision providing that "[i]n the event that any party hereto shall file suit for breach or enforcement of this Agreement…the prevailing party shall be entitled to recover all costs of such enforcement, including reasonable attorney's fees." The trial court's order does not contain any findings of fact whatsoever. If this Court were to review the trial court's determination not to award fees and to apportion costs, we would have to speculate as to what facts form the basis of the trial court's determination. It is this Court's purview to review, not assume or speculate. Without any facts in the trial court's order, we are forced to guess at the rational the trial court used in arriving at its decision. This we cannot do. Accordingly, we conclude that the trial court did not comply with Tennessee Rule of Civil Procedure 52.01.

When a trial court's order fails to meet the requirements of Rule 52.01, "the appropriate remedy is to 'vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law.'" **Hardin**, 2012 WL 6727533 at *5 (quoting **Lake v. Haynes**, No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at *1 (Tenn. Ct. App. June 9, 2011)). Because the trial court's order on Appellee's motion for attorney's fees and costs and the return of earnest money does not comply with Rule 52.01, we vacate the portion of the order denying attorney's fees and apportioning costs and remand the cause with instructions to issue an order in compliance with Tennessee Rule of Civil Procedure 52.01.

## IV. Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed in part, vacated in part, and remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are taxed to the Appellant, Joan M. Edens, and her

surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE