IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 7, 2019 Session

## RONALD R. LEMONTE, JR. v. ELKE LEMONTE, ET AL.

**Appeal from the Circuit Court for Montgomery County**
**No. 63CC1-2018-CV-154      Ross H. Hicks, Judge**

_____

### No. M2018-02193-COA-R3-CV

_____

The day before a hearing on a motion to dismiss for lack of prosecution was held, Plaintiff filed a notice of voluntary dismissal. Plaintiff did not appear at the hearing the following day. As such, the trial court granted the motion to dismiss and dismissed the case with prejudice. We reverse and remand for the entry of an order of dismissal without prejudice pursuant to Rule 41.01 of the Tennessee Rules of Civil Procedure.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which RICHARD H. DINKINS and CARMA D. MCGEE, JJ., joined.

Ronald R. LeMonte, Jr., Woodlawn, Tennessee, Pro se.

Robert T. Bateman, Clarksville, Tennessee, for the appellees, Elke LeMonte, and Bonnie Alice Castor.

## OPINION

### BACKGROUND

On August 29, 2017, Plaintiff/Appellant Ronald R. LeMonte, Jr. ("Plaintiff") filed a civil warrant in the Montgomery County General Sessions Court against Defendants/Appellees Bonnie Alice Castor and Elke LeMonte ("Defendants") for fraud. Plaintiff failed to appear at trial on January 10, 2018, and the case was dismissed with prejudice. On January 22, 2018, Plaintiff filed a notice of appeal to the Montgomery County Circuit Court.[1] Trial in circuit court was set for July 12, 2018. The matter was not

_____

[1] Plaintiff's notice of appeal was timely, as the tenth day fell on a Saturday. *See* Tenn. Code Ann.

heard on this date. On October 18, 2018, Defendants filed a motion to dismiss for failure to prosecute, or in the alternative, for a more definite statement. The hearing on this motion was set for November 7, 2018. On November 6, 2018, Plaintiff filed a notice of voluntary dismissal.[2] The hearing on the motion to dismiss occurred as scheduled on November 7, 2018; Plaintiff did not appear. As such, on November 21, 2018, the trial court entered an order dismissing Plaintiff's case with prejudice for failure to prosecute. Plaintiff thereafter filed a timely notice of appeal.

## DISCUSSION

Plaintiff raises a number of issues on appeal.[3] However, we discern that the dispositive issue is whether the trial court erred in dismissing Plaintiff's case with prejudice notwithstanding his prior filing of a notice of voluntary dismissal.[4]

A brief review of the law concerning voluntary dismissal is helpful. "In Tennessee, the plaintiff has a right to voluntarily dismiss his or her lawsuit under certain circumstances, which are outlined in Rule 41.01 of the Tennessee Rules of Civil Procedure[.]" *Ewan v. Hardison Law Firm*, 465 S.W.3d 124, 129 (Tenn. Ct. App. 2014) (footnote omitted). According to Rule 41.01,

> (1) Subject to the provisions of Rule 23.05, Rule 23.06, or Rule 66[5] or of any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict. If a counterclaim has been pleaded by a

---

§ 27-5-108 ("Any party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with this chapter."); *see also* Tenn. Code Ann. § 1-3-102 ("The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is a Saturday, a Sunday, or a legal holiday, and then it shall also be excluded.").

[2] The notice included a certificate of service stating that it had been mailed to Defendant's counsel.

[3] We note that Plaintiff represents himself pro se in this appeal. "While the court should give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs, it must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Lacy v. Mitchell*, 541 S.W.3d 55, 59 (Tenn. Ct. App. 2016) (citing *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)).

[4] We use the terms "nonsuit" and "voluntary dismissal" interchangeably.

[5] None of these exceptions is applicable in this case.

defendant prior to the service upon the defendant of plaintiff's motion to dismiss, the defendant may elect to proceed on such counterclaim in the capacity of a plaintiff.

(2) Notwithstanding the provisions of the preceding paragraph, a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court an action based on or including the same claim.

(3) A voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court and entered by the clerk. The date of entry of the order will govern the running of pertinent time periods.

Interpretation of Rule 41.01, as with all of Tennessee's civil procedure rules, "is a question of law, which we review de novo with no presumption of correctness." *Fair v. Cochran*, 418 S.W.3d 542, 544 (Tenn. 2013) (citing *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004)). "The rules of statutory construction guide our interpretation of these rules." *Id.* (citing *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009)).

The Tennessee Supreme Court has previously held that "[a] plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in Rule 41.01(1) as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right." *Lacy v. Cox*, 152 S.W.3d 480, 484 (Tenn. 2004) (footnote omitted) (citing *Anderson v. Smith*, 521 S.W.2d 787, 790 (Tenn. 1975)). Consequently, unless a recognized exception exists, "'a voluntary non-suit may be taken **as a matter of right**.'" *Ewan*, 465 S.W.3d at 130 (quoting *Clevenger v. Baptist Health Systems*, 974 S.W.2d 699, 700 (Tenn. Ct. App. 1997)) (emphasis supplied by the *Ewan* court).

Because of the clear mandates of Rule 41.01, relatively few cases consider voluntary dismissals. In *Ewan*, however, this Court was faced with the question of whether a dismissal without prejudice was authorized where the defendant filed a motion for summary judgment following the filing of a notice of nonsuit, but prior to the entry of an order confirming the dismissal. *Id.* at 132–33. The trial court dismissed the action without prejudice. *Id.* at 129. On appeal, the defendant argued that the Plaintiff's nonsuit was not effective until an order was entered finally adjudicating the matter and that its motion for summary judgment was therefore filed before the nonsuit was taken. *Id.* at 132. This Court disagreed with the defendant. *Id.* at 133–134.

The Court first acknowledged that Rule 41.01 expressly requires that a notice of nonsuit be followed by an order. *Id.* at 133 (citing Tenn. R. Civ. P. 41.01(3)). The Court held, however, that order is merely "ministerial," and that the nonsuit is "taken" when the plaintiff files notice of its intent to voluntarily dismiss the action, rather than when the

trial court enters its order. *Id.* at 133–34 (citing *Lacy*, 152 S.W.3d at 484 ("A pro forma order must be entered by the trial court for ministerial and procedural purposes.")); *see also* Tenn. R. Civ. P. 41.01(3), advisory comm. cmt to the 2004 amend. (noting that the amendment "mandates a court order **after** the nonsuit") (emphasis added). Because the nonsuit was "taken" before the motion for summary judgment was filed, dismissal without prejudice was required under the plain language of Rule 41.01. *Id.* In reaching this result, we emphasized that the "the **right** to take a nonsuit pursuant to Tennessee law is not dependent on any action of the trial court[.]" *Id.* at 134 (emphasis added). In sum, although an order is required to finally adjudicate the case, the *Ewan* decision makes clear that the filing of the notice of nonsuit is the operative filing for determining whether a plaintiff is entitled to a dismissal without prejudice, not the filing of the order ultimately dismissing the case. *Id.* at 133 ("[T]he nonsuit actually occurs prior to the entry of the order.").

Based on the plain language of Rule 41.01 and the decision in *Ewan*, the plaintiff has a **right** to take a nonsuit unless one of the recognized exceptions outlined in the rule or in caselaw is present. No exception is present in this case.[6] As such, the plaintiff was entitled to voluntarily dismiss his action without prejudice under Rule 41.01.[7] Moreover, pursuant to the plain language of Rule 41.01(1), Plaintiff was entitled to dismissal without prejudice. The trial court's judgment dismissing Plaintiff's case with prejudice is therefore reversed. All other issues are pretermitted.

## CONCLUSION

The judgment of the Montgomery County Circuit Court is reversed. This cause is remanded to the trial court for the entry of an order dismissing this action without prejudice. Costs of this appeal are taxed to Appellees Bonnie Alice Castor and Elke LeMonte, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[6] Defendants do not argue in their appellate brief that they would be deprived of a vested right. There is also no dispute that only a motion to dismiss, rather than a motion for summary judgment, had been filed at the time the notice was filed. Finally, it appears that this is the first nonsuit Plaintiff has taken in this action.

[7] To the extent that Defendants argue that this action conflicts with local rules requiring Plaintiff to timely respond to their motion to dismiss, we simply cannot agree. "Local rules adopted by trial courts may not conflict with the rules adopted by the Supreme Court or other substantive law." *In re Estate of Thompson*, No. M2011-00411-COA-R3-CV, 2012 WL 912859, at *6 (Tenn. Ct. App. Mar. 14, 2012) (citing *Hessmer v. Hessmer*, 138 S.W.3d 901, 905, n.4 (Tenn. Ct. App. 2003)). Rule 41.01 provides Plaintiff with the right to voluntarily dismiss his action in this situation, regardless of whether he timely responded to Defendants' motion to dismiss.