**Affirmed and Majority and Dissenting Memorandum Opinions filed November 17, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00176-CV

---

## MATTHEW BROOKS AND LISA BROOKS, Appellants

## V.

## MARCO SALAZAR, Appellee

---

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2015-43101**

---

### MAJORITY MEMORANDUM OPINION

This case arose from a car accident during a rainy evening on a freeway in Houston. Appellants Matthew and Lisa Brooks and appellee Marco Salazar were traveling in the same direction when Salazar hit a patch of water, lost control of his car, and clipped the Brookses' SUV. The Brookses sued Salazar for negligence. The jury charge asked, "Did the negligence, if any, of Marco Salazar proximately

cause the occurrence in question?" The jury answered, "No." [1] The trial court rendered a take-nothing judgment.

In a single issue, the Brookses challenge the legal and factual sufficiency of the evidence to support the judgment. We affirm.

## I. PRESERVATION OF ERROR

The Brookes filed a motion for new trial in which they argued that the jury's verdict was against the great weight and preponderance of the evidence. In doing so, the Brookses preserved their factual insufficiency issue for review. *See* Tex. R. Civ. P. 324(b)(2), (3); *Daniels v. Empty Eye, Inc.*, 368 S.W.3d 743, 748–49 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

The Brookses, however, did not challenge the legal sufficiency of the evidence in their motion, nor did they preserve the issue for review through any other means permitted for a legal sufficiency challenge. *See Steves Sash & Door Co. v. Ceco Corp.*, 751 S.W.2d 473, 477 (Tex. 1988).

Accordingly, the Brookses' did not preserve their challenge to the legal sufficiency of the evidence. We limit our analysis to a review of the factual sufficiency of the evidence.

## II. FACTUAL SUFFICIENCY

In their sole issue on appeal, the Brookses contend that the jury's verdict that Salazar was "not negligent" is not supported by sufficient evidence because the

---

[1] The charge defined "negligence" as the "failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances."

record reflects that Salazar was driving too fast and weaving in and out of traffic before he struck the Brookses SUV.

## A. Standard of Review

In reviewing the factual sufficiency of the evidence, we examine the entire record, considering both the evidence in favor of and contrary to the challenged findings. *Schear Hampton Drywall, LLC v. Founders Commercial, Ltd.*, 586 S.W.3d 80, 86 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (citing *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998)). When a party attacks the factual sufficiency of an adverse finding on which it bore the burden of proof, it must establish that the finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

The jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). We may not merely substitute our judgment for that of the jury. *Id.*

## B. The Evidence

The police officer who responded to the accident testified that he did not really remember the accident. He testified about the contents of his report. It was raining at the time of the accident. The speed limit in the area was sixty miles per hour. The officer wrote that Salazar's failure to control his speed was a factor that contributed to the accident, but the officer did not select from the potential contributing factors that Salazar was speeding or traveling at an unsafe speed. The officer transcribed statements from Salazar, Matthew Brooks, and witness Laura Short as follows:

> Salazar: "I was driving and I hit a patch of water. I lost control and hit the other car."

Matthew: "I was driving southbound in the middle lane. I looked in my rear view mirror and I saw a car weaving in and out of lanes. He clipped me in the rear and I spun out. I spun about two times and came to a rest on the right shoulder. The other car hit the barrier on the right side and then came across the freeway and hit the barrier on the left side."

Short: "I was driving in the far right lane and I saw a car coming up really fast behind me. He passed me up and I slowed down because I wanted to get away from him. He was going too fast and I had a feeling he was going to wreck. He hit the red SUV in the rear and then he hit the barrier. He came back across the freeway and hit the barrier on the left side. I stopped to make sure everyone was OK."

At trial, Short opined that Salazar was driving "too fast." He passed her "quickly" and "had to be going faster than [her]." But Short did not remember how fast she was driving, so she could not estimate how fast Salazar was driving.

Matthew testified that he was driving at about fifty miles per hour. Matthew felt like Salazar was driving faster than Matthew. By the time Matthew first saw Salazar in the rearview mirror, Salazar had already lost control of his car. Lisa Brooks was asleep at the time of the accident.

Salazar could not remember how fast he was driving. But he knew that he wasn't racing, talking on his cell phone, or drinking. He didn't remember exactly what happened, except that it had been raining and his car started going sideways. Salazar believed that he hydroplaned. He conceded that he could have driven more slowly and that he lost control of his car. He testified:

Q. . . . You don't dispute that you were going too fast? And that's what caused you to lose control, was it not?

A. Yes, ma'am.

4

Q. Had you not been going too fast, this accident never would have happened. Isn't that right?

A. Yes, ma'am.

## C. Analysis

Car accidents can happen without the negligence of any party. *See, e.g.,* *Alexander v. Halliburton Energy Servs. Inc.*, No. 14-17-00485-CV, 2018 WL 3385117, at *2 (Tex. App.—Houston [14th Dist.] July 12, 2018, no pet.) (mem. op.). This is especially true when the roads are wet or slick. *See id.* (discussing unavoidable accidents from wet or slick pavement). In a car accident case, the jury is not required to assess fault on any party. *See id.*; *see also Douglas v. Aguilar*, 599 S.W.3d 105, 108 (Tex. App.—Houston [14th Dist.] 2020, no pet.) ("The occurrence of an accident or a collision is not of itself evidence of negligence."). A plaintiff must prove the specific acts of negligence on the part of the defendant by a preponderance of the evidence, which is generally a question of fact for the jury to determine. *See Douglas*, 599 S.W.3d at 108; *Smith v. Central Freight Lines, Inc.*, 774 S.W.2d 411, 412 (Tex. App.—Houston [14th Dist.] 1989, writ denied).

The Brookses focus on Salazar's quasi-admissions that he was driving "too fast." Quasi-admissions are testimonial declarations that are contrary to the party's position. *Mendoza v. Fid. & Guar. Ins. Underwriters Inc.*, 606 S.W.2d 692, 694 (Tex. 1980). Such admissions are merely some evidence of negligence; they are not conclusive. *See id.*; *see also Lee v. Carmona*, No. 02-16-00443-CV, 2018 WL 1192240, at *4 (Tex. App.—Fort Worth Mar. 8, 2018, no pet.) (mem. op.) (quasi-admissions of fault did not make the evidence factually insufficient to support the jury's "no" answer regarding negligence of a driver who rear-ended the plaintiff).

The Brookses also focus on Short's opinion that Salazar was driving too fast. But as the sole judge of the witnesses' credibility and the weight to be given the

testimony, the jury may disregard such lay opinion testimony. *See Broussard v. Moon*, 431 S.W.2d 534, 537 (Tex. 1968) (noting that "opinion testimony is but evidentiary and is never binding upon the trier of facts"); *see also Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 338 (Tex. 1998) (noting that "opinion testimony, even when uncontroverted, does not bind the jury unless the subject matter is one for experts alone"). Observing Short's demeanor, the jury could have concluded that she was a person of extraordinary prudence, and her opinion did not control the legal standard of *ordinary* prudence.

Just because Salazar was traveling at a sufficient speed to hydroplane does not mean that the jury could not have rationally concluded that the Brookses failed to prove Salazar's negligence by a preponderance of the evidence. *See Hernandez v. Milam*, No. 08-01-00481-CV, 2003 WL 1090671, at *3 (Tex. App.—El Paso Mar. 13, 2003, no pet.) ("Even if [the defendant's] testimony established that [the defendant]'s car hydroplaned, that fact would not establish that [the defendant] was negligent."); *cf. Friday v. Spears*, 974 S.W.2d 699, 701 (Tex. App.—Texarkana 1998, no pet.) (upholding submission of "unavoidable accident" instruction when there was some evidence that the defendant hydroplaned before rear-ending the plaintiff). In other words, a driver may hydroplane despite exercising ordinary prudence. The Brookses did not present any direct evidence that Salazar was driving faster than the posted speed limit when he hit a patch of water and lost control of his car.

The Brookses cite no analogous cases holding that the evidence was factually insufficient to support a jury's "no" answer on the issue of negligence for a simple car accident. To the contrary, plenty of courts have upheld a jury's "no" answer on this issue, even in rear-end collision cases when the defendants made quasi-admissions of fault. *See Lee*, 2018 WL 1192240, at *3–4 (factually sufficient

6

evidence to support the jury's "no" answer regarding negligence of a driver who rear-ended the plaintiff while the driver was reaching for his glasses; noting that the driver made numerous quasi-admissions, like telling a police officer that the accident was his fault, testifying that he was responsible for causing the accident, and that "in retrospect, instead of continuing to drive while reaching for his glasses, it would have been more reasonable to pull over and activate his hazards lights, to pull into a driveway, or to 'just suck it up' and keep driving"); *Vigil v. Kirkland*, No. 02-16-00147-CV, 2017 WL 2471091, at *1, *4 (Tex. App.—Fort Worth June 8, 2017, no pet.) (mem. op.) (factually sufficient evidence to support the jury's "no" answer regarding negligence of a driver who rear-ended a stopped car although the defendant admitted that she took her eyes off the road to check on her sleeping baby and that the accident could have been prevented if she had "kept [her] eyes on the road"); *Benavente v. Granger*, 312 S.W.3d 745, 747, 749–50 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (factually sufficient evidence to support the jury's "no" answer regarding negligence of a driver who rear-ended a stopped car although the driver admitted to being distracted by looking at a yellow Lamborghini); *Hernandez*, 2003 WL 1090671, at *3–4 (factually sufficient evidence to support the jury's "no" answer regarding negligence of a defendant who rear-ended the plaintiff's vehicle although there was evidence that the driver was traveling at a sufficient speed to hydroplane and did not apply the brakes early enough).

Considering the totality of the evidence and the maxim that we may not substitute our judgment for that of the jury's, we hold that the jury's "no" answer to the negligence question is not against the great weight and preponderance of the evidence.

The Brookses' sole issue is overruled.

### III. CONCLUSION

Having overruled the Brookses' sole issue, we affirm the trial court's judgment.

/s/    Ken Wise
Justice

Panel consists of Justices Christopher, Wise, and Zimmerer. (Zimmerer, J., dissenting).