FILED
09/24/2024
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 7, 2024 Session

## GREGORY F. HEERDINK v. DAWN A. OSBORNE, ET AL.

**Appeal from the Chancery Court for Bedford County**
**No. 32511     J. B. Cox, Chancellor**

_____

### No. M2023-00816-COA-R3-CV
_____

At issue in this appeal is whether the trial court had jurisdiction to award attorney's fees after the plaintiff filed a notice of voluntary dismissal pursuant to Tennessee Rule of Civil Procedure 41.02. This action arose when Gregory F. Heerdink ("Plaintiff" or "Mr. Heerdink") filed a complaint for a declaration of an easement by implication on adjoining property owned by defendant Dawn A. Osborne ("Osborne") and previously owned by defendant Robert K. Garrett ("Garrett") (collectively "Defendants"). Defendants each filed an answer but neither filed a counterclaim. More than a year later, Defendants each filed a motion to dismiss for failure to prosecute pursuant to Tennessee Rules of Civil Procedure 41.02(1). In an order entered October 9, 2020, the trial court denied Defendants' motions to dismiss but ruled that Tennessee Rule of Civil Procedure 37 sanctions were appropriate and ordered Plaintiff to, inter alia, pay "all of each Defendant's attorney's fees associated with Plaintiff's delays, including attendance at prior hearings on Motions to Withdraw, today's hearing and all preparations for any such hearings." The order further directed defense counsel to "Submit an Affidavit of itemized time for approval by the Court." Five days after the entry of this order, but before either defendant filed a fee application, Plaintiff filed notice of voluntary dismissal. The court entered an order granting Plaintiff's voluntary dismissal on November 2, 2020. Shortly thereafter, Garrett filed an application for fees, however, Osborne did not file a fee application until approximately two years later, when she filed a motion to enforce sanctions along with an attorney's fee affidavit. Plaintiff opposed Osborne's motion, arguing that the case had been dismissed and that, as a consequence, the trial court no longer had jurisdiction to award the fees. Alternatively, Plaintiff argued that Osborne waived the right to fees due to the over two-year delay. Defendants contended that they had a "vested right" to recover their attorney's fees, which vested right prevented Plaintiff from dismissing the case pursuant to Rule 41.01. They also relied on the precedence of *Menche v. White Eagle Prop. Grp., LLC*, No. W2018-01336-COA-R3-CV, 2019 WL 4016127 (Tenn. Ct. App. Aug. 26, 2019) to contend that the order of dismissal was not a final order because the attorney's fees claim was pending, and that the trial court therefore retained jurisdiction to rule on the unresolved issue of attorney's fees. The trial court agreed and awarded attorney's fees. This appeal followed. We have

determined that Defendants did not have a vested right to recover their attorney's fees and that *Menche* is inapposite. Therefore, the trial court lacked jurisdiction to award any fees following the voluntary dismissal of the action. Accordingly, we vacate the award of fees.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the court. ANDY D. BENNETT, J., filed a separate concurring opinion, in which CARMA DENNIS MCGEE, J., joined.

Joshua A. Jenkins, Murfreesboro, Tennessee, for the appellant, Gregory F. Heerdink.

Jason R. Reeves, Shelbyville, Tennessee, for the appellee, Dawn A. Osborne.

Richard L. Dugger, Shelbyville, Tennessee, for the appellee, Robert K. Garrett.

**OPINION**

**FACTS AND PROCEDURAL HISTORY**

Plaintiff commenced this action by filing his Complaint for Declaratory Judgment on April 20, 2019. The complaint is based on Plaintiff's claimed need for a declaration of an easement by implication in his favor across property owned by defendant Osborne and previously owned by defendant Garrett. The complaint also sought a declaration of Plaintiff's rights to maintenance of the easement. The dispute stems from the installation of a subsurface sewage disposal system by Garrett in 2003 on the property that abuts Plaintiff's property, which Osborne owned when this action was commenced.[1]

After Garrett filed an answer to the complaint, Osborne filed a motion for temporary restraining order contending that Plaintiff had verbally harassed and assaulted her while standing on her property, which included profanity and derogatory words that need not be restated here.[2] In his response to the motion, Plaintiff denied the allegations. He also responded by filing his own motion for a restraining order contending that Osborne stood at the corner of her house and yelled profanities at him and threatened to put him in jail. In the order that followed, the trial court ruled:

That the parties shall be restrained from harassing any other party, from coming about any other party, from communicating with for any purpose any other party, from entering the property of any other party, from threatening harm, causing harm to any other party or his/her respective property and from causing or allowing any other third party from doing same while a guest,

---

[1] Osborne has since sold her interest in the property.

[2] Thereafter, Osborne filed an answer to Plaintiff's complaint.

- 2 -

resident or visitor to his/her property. Furthermore, neither party will interfere in any way with the sale of any real estate owned by any party herein. Finally, no party shall take any action, or allow a third party to do so, upon their respective parcel of real property that could reasonably and, with foresight, detrimentally effect any other parties' adjacent real property.

Plaintiff also filed a motion to amend the complaint to clarify the identity of certain components of Plaintiff's septic system, specifically "field lines" located on Osborne's property, so that the complaint would more uniformly conform to the anticipated evidence in this case. The motion was granted, and the amended complaint was filed.

The trial court then entered a scheduling order, which afforded Plaintiff limited access to Osborne's property during a 45-day window for Plaintiff to inspect the subsurface sewage disposal system and septic field lines; however, the inspection never occurred for reasons disputed by the parties.

Defendants contend that the failed inspection and numerous other delays and unnecessary courtroom hearings were due to Plaintiff having a series of counsel who made appearances on behalf of Plaintiff only to withdraw from representing Plaintiff.[3]

On September 11, 2020, Osborne filed a motion to dismiss for failure to prosecute pursuant to Tennessee Rules of Civil Procedure 41.02(1). Garrett filed a similar motion on September 17, 2020. Osborne's motion reads, in pertinent part:

3. That a scheduling Order was entered on July 11, 2019, after a hearing on same had on June 28, 2019, allowing Plaintiff certain access with notice to said Defendant's property. The matter was to be reviewed on August 9, 2019, allowing approximately 45 days for the Plaintiff to have his septic field lines inspected.

4. That, however, since the entry of the Order, Plaintiff has had three (3) different sets of attorney's representing him (Jody Lambert and Tamra Smith; Jay Jackson; and Delain Deatherage and Stephen Grace), yet has completely failed to obtain any inspection of Defendant's property as ordered by the Court.

---

[3] Plaintiff's initial attorneys, Joe M. Lambert and Tamra Smith, were granted leave to withdraw on August 9, 2019. Attorney Jay B. Jackson entered his notice of appearance for Plaintiff on or about August 9, 2019, yet Mr. Jackson was granted leave to withdraw from representing Plaintiff on July 7, 2020. On August 6, 2020, attorneys Delain L. Deatherage and Stephen W. Grace entered their notice of appearance for Plaintiff; however, in less than a month, they filed a motion to withdraw from representing Plaintiff, which was granted. Shortly thereafter, attorney Joshua A. Jenkins filed a notice of appearance on behalf of Plaintiff.

5. That, despite a Restraining Order, Plaintiff has continued to harass this Defendant and continues to harass her by perpetuating this frivolous lawsuit.

6. That Plaintiff cut his septic lines leading to Defendant's property severing any use of the field lines and same have remained unused since July of 2019. That accordingly, Plaintiff has abandoned any claim of easement against Defendant's property.

7. That this Defendant [Osborne] sold the subject property in August of 2020 and no longer owns said property such that continuing any declaratory action against her meaningless.

Plaintiff's attorneys at the time, Delain L. Deatherage and Stephen W. Grace, then filed a response to the motions to dismiss requesting a delay because they had a pending motion to withdraw. They were granted leave to withdraw by order entered September 22, 2020. Attorney Joshua A. Jekins filed a substantive response in opposition to the motions to dismiss on behalf of Plaintiff on October 6, 2020.

Following a hearing on the motions and after hearing from counsel for the parties, the court entered an order on October 28, 2020 in which it denied Defendants' motions to dismiss, however, the court imposed sanctions against Plaintiff.[4] In pertinent part, the trial court ruled "that Plaintiff should be ordered to pay all of each Defendant's attorney's fees associated with Plaintiff's delays, including attendance at prior hearings on Motions to Withdraw, today's hearing and all preparations for any such hearings." The trial court also ordered Defendants to "Submit an Affidavit of itemized time for approval by the Court."

On November 2, 2020, five days after the entry of the order imposing sanctions, Plaintiff filed a notice of voluntary dismissal pursuant to Tennessee Rule of Civil Procedure 41.01. The order of voluntary dismissal was approved by the court and entered on November 6, 2020.

One month later, on December 9, 2020, Garrett filed a fee application, wherein he listed attorney's fees totaling $2,700.00. Defendant Garrett's fee application remained

---

[4] The basis for the trial court's ruling, as stated in the order, reads, in pertinent part:

1. That Plaintiff's failure to comply with prior orders of this Court for more than one (1) year is inexcusable.

2. That, a dismissal under Rule 12 is not appropriate, however, it could be under Rule 41 failure to prosecute.

3. That, however, the Court finds that the better remedy to be under Rule 37 and hereby precludes Plaintiff from using any excavating, septic[] or other experts at the trial in this cause.

pending until approximately two years later when, on January 6, 2023, Osborne filed a motion to enforce the October 9, 2020 sanctions order along with an affidavit by her counsel itemizing her attorney's fees totaling $4,762.50.

Plaintiff opposed Osborne's motion, raising three issues: (1) that the trial court no longer had jurisdiction to rule on Osborne's motion following the filing of the notice of voluntary dismissal; (2) that Osborne waited too long to file her affidavit for fees; and (3) that Osborne waived her right to recover sanctions due to the delay.

Osborne countered Plaintiff's arguments, contending that the trial court created a vested right in her favor when it awarded her the right to recover attorney's fees as a sanction, the amount to be determined later. She also contended that the trial court retained jurisdiction for the limited purpose of determining the amount of this vested right and for enforcement of same. Her contentions were based, in principal part, on the reasoning in *Menche v. White Eagle Property Group, LLC*.

As she now states in her appellate brief:

The Order of October 28, 2020, clearly created a right of Defendants to recover attorney fees from Plaintiff and envisioned the filing of Affidavits by Defendants' respective counsels to establish their amount of attorney fees claimed and a further hearing or action for approval by the Court. However, Plaintiff filed a Notice of Voluntary Nonsuit a mere five (5) days later before any such Affidavit could be filed. Despite this, the right had become vested as of the entry of the Order on October 28, 2020, five (5) days prior to the nonsuit.

The trial court ruled that the award of a yet to be determined amount of attorney's fees in the October 28, 2020 order created a vested right in Defendants. In its order entered January 13, 2023, the trial court carried out the October 9, 2020 sanctions order by awarding Osborne her requested attorney's fees.

Plaintiff then filed a motion to set aside the January 13, 2023 order for lack of notice of its filing.[5] The motion to set aside was granted with the instructions for defense counsel

---

[5] The motion to set aside, which was filed on March 20, 2023, reads in pertinent part:

Mr. Heerdink respectfully submits that the Order was inadvertently dated for January 13, 2023 at 9:15am. The Order could not have been entered on the date and at time prescribed on the Order because the hearing in question took place on January 13, 2023 and the Order was only submitted to the Court subsequent to the hearing which lasted past the 9:15 a.m. time entered by the clerk. Furthermore, the undersigned counsel was never properly served with the proposed order when it was finally sent to the Court for execution. In support of

to resubmit the prior order.[6] On May 5, 2023, the trial court entered the second order granting the fee applications. The order reads, in pertinent part:

1. That the Order of the Court from the October 9, 2020, hearing in this case granted an award of attorney fees in favor of Defendants Osborne and Garrett against Plaintiff Heerdink with the amount to be determined by the presentation of Affidavits by counsels for each Defendant.

2. That, after the October 9, 2020, hearing and ruling by the Court, Plaintiff did not appeal the decision of the Court. Rather, Plaintiff filed a Notice of Voluntary Nonsuit pursuant to Rule 41 prior to either Defendant filing an Affidavit of fees.

3. That Plaintiff refiled his Complaint in a new action in February of 2021.[7]

4. That both Defendants have now filed their Affidavits of their time according to the ruling of the Court. Confusion between counsels led to the delay which caused no harm to the Plaintiff.

5. That Plaintiff now claims that the October 9, 2020, Order never became final and that this Court no longer has jurisdiction to enforce its Order from that date due to the Notice of Non-suit it filed.

6. That, however, counsel for Defendant Osborne rightly points out that the Court had created a vested right in favor of the Defendant's by awarding attorney fees yet to be determined. Counsel correctly cites *Menche v. White Eagle Prop. Grp., LLC*, No. W2018-01336-COA-R3-CV, 2019 WL 4016127 (Tenn. Ct. App. Aug. 26, 2019), as proper authority for this ruling.

Based on the foregoing findings, the trial court awarded Osborne her attorney's fees in the amount of $4,762.50. This appeal followed.

---

the Motion, Gregory F. Heerdink has filed a memorandum of law and affidavit in support contemporaneously herewith.

[6] The order reads, in pertinent part: "Counsel for Defendant Osborne shall submit a new order reflecting the Court's ruling at the January 13, 2023 hearing and that the time for appeal, if any, shall run from the date of entry of this newly entered order."

[7] Although it is not in the record, counsel for the parties informed the court at oral arguments that the re-filed action is pending in the trial court under a separate docket number and that it is not consolidated with this action nor part of this appeal.

ISSUES

Plaintiff presents two issues, stated as follows:

1. Should the Trial Court's May 5, 2023, order be reversed because an order of voluntary dismissal had already been entered.

2. Should the Trial Court's ruling be reversed because Defendant Osborne waived or abandoned her request by failing to pursue her attorneys' fees for more than two years?

Defendant Osborne raises one issue, which reads: "Whether Defendant Osborne is entitled to recover her attorney's fees and expenses incurred on appeal."

Defendant Garrett did not file a brief and this court entered an order noting that "this appeal shall be submitted for a decision without a brief on behalf of Robert K. Garrett." Nevertheless, at oral argument, counsel informed the court that Garrett joined in the arguments presented by Osborne.

## ANALYSIS

### I. JURISDICTION TO AWARD ATTORNEY'S FEES

Plaintiff contends that the trial court lost subject matter jurisdiction over this case following the filing of his notice of voluntary dismissal because none of the exceptions to Plaintiff's right to voluntarily dismiss the complaint apply to this case.[8] Further, Plaintiff relies upon the recognized principle as explained by our Supreme Court in *Himmelfarb v. Allain*, 380 S.W.3d 35 (Tenn. 2012) that "[w]hen a voluntary nonsuit is taken, the rights of the parties are not adjudicated, and the parties are placed in their original positions prior to the filing of the suit." *Id*. at 40.

Osborne contends that the trial court retained jurisdiction because she had a "vested right" to recover her attorney's fees, which vested right prevented Plaintiff from dismissing the case pursuant to Rule 41.01. She also relies on the precedence of *Menche v. White Eagle Prop. Grp., LLC*, to contend that the order of dismissal was not a final order because her attorney's fees claim was pending. Thus, she claims that the trial court retained jurisdiction to rule on the unresolved issue concerning the amount of her attorney's fees.

Challenges to a court's subject matter jurisdiction call into question the court's "'lawful authority to adjudicate a controversy brought before it[.]'" *Redwing v. Catholic*

---

[8] Neither defendant filed a counterclaim. Thus, when the notice of voluntary dismissal was filed, the only cause of action asserted by any party was stated in Plaintiff's amended complaint.

*Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012) (quoting *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)). Therefore, whether a court has subject matter jurisdiction should be viewed as a threshold inquiry. *Id.* (citing *Schmidt v. Catholic Diocese of Biloxi*, 18 So.3d 814, 821 (Miss. 2009)).

Where subject matter jurisdiction is challenged, "the party asserting that subject matter jurisdiction exists . . . has the burden of proof." *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712 (Tenn. 2012) (quoting *Redwing*, 363 S.W.3d at 445). Because Osborne is the party asserting that subject matter jurisdiction exists to award the attorney's fees, she has the burden of proof. *See id.*

"'Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness.'" *Id.* (quoting *Northland Ins. Co.*, 33 S.W.3d at 729).

A.

The right to take a voluntary dismissal and the method for doing so is stated in Tennessee Rule of Civil Procedure 41.01. The Tennessee Rules of Civil Procedure are promulgated by the Tennessee Supreme Court, approved by the General Assembly, and "have the force and effect of law." *Hall v. Haynes*, 915 S.W.3d 564, 571 (Tenn. 2010) (internal quotation marks omitted in original) (quoting *Frye v. Blue Ridge Neurosci. Ctr., P.C.*, 70 S.W.3d 710, 713 (Tenn. 2002)). Accordingly, the interpretation of the Tennessee Rules of Civil Procedure is a question of law subject to *de novo* review with no presumption of correctness. *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009) (citing *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004)).

Tennessee Rule of Civil Procedure 41.01(1) reads, in pertinent part:

> Subject to the provisions of Rule 23.05, Rule 23.06 or Rule 66 or any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties . . . ; or by an oral notice of dismissal made in open court during the trial of a cause. . . . If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of plaintiff's motion to dismiss, the defendant may elect to proceed on such counterclaim in the capacity of a plaintiff[.]

Accordingly, under Rule 41.01, all that is required to dismiss an action prior to trial, in the absence of the existence of any of the exceptions above noted, is the filing of a written notice of dismissal. *See Ewan v. Hardison Law Firm*, 465 S.W.3d 124, 130–31

- 8 -

(Tenn. Ct. App. 2014). As our Supreme Court has explained, in the absence of any of the exceptions recognized in Rule 41.01, "'[t]he lawyer for the plaintiff is the sole judge of the matter and the trial court has no control over it.'" *Lacy*, 152 S.W.3d at 484 (quoting *Rickets v. Sexton*, 533 S.W.2d 293, 294 (Tenn. 1976)). Although a case does not become final for the purposes of appeal until the trial court enters its final written order dismissing the matter, the right to a nonsuit under Rule 41.01 does not require the permission of, or an adjudication by, the trial court. *Green v. Moore*, 101 S.W.3d 415, 420 (Tenn. 2003).

Subject to the constraints stated in Tennessee Rule of Civil Procedure 41.01 or an applicable statute, or the implied exemption for a defendant's vested right, Rule 41.01 "permits liberal use of voluntary nonsuits at any time prior to 'final submission' to the trial court for decision in a bench trial or in a jury trial before the jury retires to deliberate." *Himmelfarb*, 380 S.W.3d at *40 (citations omitted). Moreover, Tennessee courts have long observed that "the Tennessee rule on voluntary dismissal . . . is much more liberal than . . . federal courts and in many other jurisdictions." *Weedman v. Searcy*, 781 S.W.2d 856–57 (Tenn. 1989). Moreover, Rule 41.01 permits a voluntary dismissal notwithstanding the amount of time or expense that may have been expended by the parties. *Adamson v. Grove*, No. M2020-01651-COA-R3-CV, 2002 WL 17334223, at *12 (Tenn. Ct. App. Nov. 30, 2022) (quoting *Douglas v. Lowe*, No. M2012-02276-COA-R3-CV, 2013 WL 6040347, at *7 (Tenn. Ct. App. Nov. 12, 2013)).

Nevertheless, a plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in Rule 41.01(1),[9] as well as to an implied exception which prohibits nonsuit when "it would deprive the defendant of some vested right." *Lacy*, 152 S.W.3d at 484 (citing *Anderson v. Smith*, 521 S.W.2d 787, 790 (Tenn. 1975)); *see also Ewan*, 465 S.W.3d at 130.

---

[9] As explained in *Lacy*, 152 S.W.3d at 484 n.7:

> Rule 41.01(1) limits that the right to nonsuit, providing that it shall be taken "[s]ubject to the provisions of Rule 23.05 [requiring court approval for voluntary dismissal of class actions], Rule 23.06 [requiring court approval for voluntary dismissal of shareholder derivative actions] or Rule 66 [requiring court approval for voluntary dismissal of actions wherein a receiver has been appointed] or any statute, and except when a motion for summary judgment made by an adverse party is pending. . . ."

Nevertheless, while "a pending motion for summary judgment removes the ability of a plaintiff to take a voluntary dismissal as a matter of right, . . . the trial court may still permit in appropriate circumstances a voluntary dismissal while a summary judgment motion is pending." *J.E.T., Inc. v. Hasty*, No. M2023-00253-COA-R3-CV, 2024 WL 1156558, at *3 n.2 (Tenn. Ct. App. Mar. 18, 2024) (citing *Stewart v. Univ. of Tenn.*, 519 S.W.2d 591, 593 (Tenn. 1974); *Autin v. Goetz*, 524 S.W.3d 617, 631 (Tenn. Ct. App. 2017); *Ewan*, 465 S.W.3d at 136).

We shall first consider whether the sanctions order authorizing Defendants to recover an undetermined amount of attorney's fees as a Rule 37 sanction bestowed upon them a vested right to recover their attorney's fees. Then we shall consider whether the trial court's reliance on the precedence in *Menche* was appropriate or misplaced.

B.

Defendants contend that they had a "vested right" to recover their attorney's fees, which prevented Plaintiff from voluntarily dismissing the lawsuit. Conversely, Plaintiff contends that the sanctions order did not bestow a vested right upon Defendants; and thus, his notice of voluntary dismissal terminated the action and returned the parties to their respective positions immediately prior to the commencement of this action.

"The protection of 'vested rights' is rooted in due process. . . and in the context of Rule 41.01, due process principles prevent a plaintiff from voluntarily dismissing a lawsuit when doing so would deprive a defendant of some right that vested during the pendency of the case." *Solomon v. Solomon*, No. M2021-00958-COA-R3-CV, 2023 WL 3730597 at *3 (Tenn. Ct. App. May 31, 2023) (citing *Morris v. Gross*, 572 S.W.2d 902, 905 (Tenn. 1978)).

"A 'vested right,' although difficult to define with precision, is one 'which it is proper for the state to recognize and protect and of which [an] individual could not be deprived arbitrarily without injustice.'" *Doe v. Sundquist*, 2 S.W.3d 919, 923 (Tenn. 1999) (citing *Morris*, 572 S.W.2d at 905); *see also Bryan v. Leach*, 85 S.W.3d 136, 144 (Tenn. Ct. App. 2001) and *In re D.A.H.*, 142 S.W.3d 267, 273 (Tenn. 2004).

The issue in *Doe v. Sundquist* was whether a "vested right" existed and had been impaired by retrospective application of a statute. *Doe*, 2 S.W.3d at 924. In deciding whether a vested right existed, the *Doe* court reasoned:

> Our case law indicates that deciding whether a "vested right" exists and has been impaired by retrospective application of a statute entails consideration of many factors, none of which is dispositive. *E.g., Morris,* 572 S.W.2d at 907 (focusing on plaintiff's "vested right" to maintain an already filed cause of action despite new law that effectively dismissed the suit and prevented its refiling due to a shorter statute of limitations); *Saylors,* 544 S.W.2d at 610 (analyzing the substantive/procedural distinction in determining whether a statute impaired a vested right or contractual obligation); *Ford Motor Co. v. Moulton,* 511 S.W.2d 690, 695–97 (Tenn.1974) (analyzing whether legislation deprived a person of his reasonable expectations under the prior law). In short, there is no precise formula to apply in making this determination.

*Id.* As the Court noted, a vested right is difficult to define with precision. *Id.* at 923.

In navigating these murky waters, we find the lengthy discussion concerning vested rights in *Adamson v. Grove* to be instructive. To begin, the *Adamson* court noted that "it is hard to pin down the definition of a 'vested right.'" *Adamson*, 2022 WL 17334223, at *19 (quoting *State ex rel. Stanley v. Hooper*, No. M2000-00916-COA-R3-CV, 2001 WL 27378, at *2 (Tenn. Ct. App. Jan. 11, 2001)). Further, the court observed that our Supreme Court had defined vested right as a right "'which it is proper for the state to recognize and protect and of which [an] individual could not be deprived of arbitrarily without injustice'" *Id.* (citing *Stanley*, 2001 WL 27378, at *2) (quoting *Morris*, 572 S.W.2d at 907).

The *Adamson* court then engaged in a thorough discussion of what constitutes a vested right in sundry actions, which we find most helpful. To avoid reinventing the wheel, so-to-speak, we quote *Adamson* at length:

> In *Stanley*, this Court acknowledged that the appellant had a "statutory right" to a jury trial in a paternity case, "[b]ut that statutory right was not a vested right that would survive the appellee's non-suit." *Id.* at *2. We have also recognized that showing that a nonsuit would "deprive the defendant of some vested right" is a "higher standard" than the rule that applies when a nonsuit is sought while a motion for summary judgment is pending, when the court considers whether the nonsuit would cause "plain legal prejudice to the defendant." *Ewan*, 465 S.W.3d at 136-37.
>
> Thus, it is helpful to consider some additional examples of what has, and what has not, been deemed a vested right within the meaning of the implied exception to Rule 41.01. In *Ross v. Grandberry*, No. W2013-00671-COA-R3-CV, 2014 WL 2475580, at *1 (Tenn. Ct. App. May 30, 2014) *perm. app. denied* (Tenn. Oct. 17, 2014), the plaintiff filed a health care liability action in general sessions court, and at a docket call, the defendant appeared and tendered a confession for the full $25,000 jurisdictional limit of the general sessions court. The plaintiff immediately sought to non-suit her claims. *Id.* The general sessions court denied the defendants' tendered confession and entered an order of nonsuit. *Id.* The plaintiff then refiled her suit in the circuit court, and the defendant moved for summary judgment based on its tendered confession of judgment in the general sessions court. *Id.* The defendant argued that its confession of judgment "cut off Plaintiff's right to non-suit[.]" *Id.* at *2. The circuit court granted the defendant summary judgment, "reasoning that [the defendant's] 'vested right' to confess judgment was 'paramount to any right for voluntary nonsuit.'" *Id.* On appeal, the plaintiff argued that "her nonsuit supersedes [the defendant's] confession of judgment because a nonsuit is a 'right' whereas, according to Plaintiff, a confession of judgment requires action by a judge--either to accept or reject the

confession." *Id.* at *4. In response, the defendant argued that the judgment "self-executed upon confession--requiring no action by the trial judge--rendering Plaintiff's attempted nonsuit a nullity." *Id.* In other words, according to the defendant, "once it employed the confession of judgment mechanism to terminate the litigation, the case was finally submitted to the court, [the defendant] acquired a vested right in the confessed judgment, and Plaintiff could no longer take a nonsuit." *Id.* This Court framed the "crucial question" as "whether a tendered confession of judgment by a defendant constitutes a 'final[ ] submi[ssion] to the court' to cut off a plaintiff's right to a voluntary dismissal without prejudice." *Id.* at *5. Examining the relevant statutes, we concluded that the tendered confession of judgment was not "self-executing" but required action by the trial judge. *Id.* "Because Plaintiff sought to voluntarily dismiss her case before the general sessions court entered judgment upon [the defendant's] confession, the circuit court erred in concluding that [the defendant] obtained a vested right to confess judgment which was paramount to Plaintiff's right to nonsuit her case." *Id.* at *6.

In *Haynes v. Cumberland Builders, Inc.*, 546 S.W.2d 228, 231 (Tenn. Ct. App. 1976), this Court rejected an appellant's argument that dismissal of a party was improper "because it deprived him of his vested right to assert the Deadman's Statute." We recognized that "[t]he Anderson case stands for the proposition that a plaintiff's right to take a nonsuit against a defendant under Rule 41 of the Tennessee Rules of Civil Procedure is subject to the qualification that the granting of the nonsuit cannot deprive the defendant of a right which has vested during the pendency of the case." *Id.* However, we noted that the *Anderson* case involved vested property rights. We added, "[t]he availability of a legal defense is not a 'vested right' within the purview of *Anderson.*" *Id.*

Tennessee appellate courts have declined to find vested rights in other cases as well. *See, e.g.*, *Peoples Bank v. Troutman*, No. E2014-01150-COA-R3-CV, 2015 WL 4511540, at *4 (Tenn. Ct. App. July 27, 2015) (rejecting the contention that the defendants "maintained a vested right to: (1) receive a grant of summary judgment due to the [plaintiff's] lack of expert testimony regarding the standard of care or (2) seek interlocutory or extraordinary appeal of the trial court's denial of their motion for summary judgment"); *Trull v. Ridgeway*, No. W2004-02026-COA-R3-CV, 2005 WL 1307855, at *2 (Tenn. Ct. App. May 27, 2005) (finding no vested rights where the appellants contended that the appellees should not have been allowed to take a nonsuit because it barred the appellants "from raising adverse possession as a defense to said claim").

On the other hand, this Court did find vested rights in *Shell v. Shell*, No. E2007-01209-COA-R3-CV, 2008 WL 2687529 (Tenn. Ct. App. July 9, 2008). In that divorce case, the parties had participated in mediation and resolved all issues in a signed mediated settlement, the mediator had already filed the final report with the court, and the husband had filed a motion to enforce the mediated agreement, when the plaintiff filed a notice of nonsuit. *Id.* at *1. The trial court initially entered an order of nonsuit but set it aside and approved the mediated settlement agreement. *Id.* On appeal, this Court recognized the "implied exception" from *Anderson*, which provides "that if the defendant is deprived of a right that became vested during the pendency of the litigation, a nonsuit was prohibited." *Id.* at *3. The husband argued that "his rights to the property awarded to him under the Mediation Agreement became vested" during the course of the lawsuit and that "the nonsuit would deprive him of his right to the property." *Id.* We noted that there was "no question that a Mediated Agreement is enforceable as a contract under general principles of contract law." *Id.* at *3 n.3. We also noted that the wife had participated in mediation and that the trial court ultimately found the agreement to be valid and enforceable. *Id.* Thus, "[a]fter these in court proceedings, the plaintiff's attempt to take a voluntary nonsuit was too late after the defendant's Motion to Enforce the Mediation Agreement." *Id.*

We also discussed the vested rights exception in *Hollow v. Ingrim*, No. E2010-00683-COA-R3-CV, 2010 WL 4861430 (Tenn. Ct. App. Nov. 29, 2010). In that case, landowners agreed to the sale of property by a special master appointed by the court, the sale was held, and the master reported the purchase and asked that the sale be confirmed. *Id.* at *1. Before the court acted on the special master's report, however, the plaintiff moved for voluntary dismissal, which the trial court granted. *Id.* The question on appeal was "whether the granting of a nonsuit in this case deprived the intervenors of a vested right?" *Id.* at *4. We clarified at the outset that "[t]he intervenors did not, by virtue of being the high bidder at the judicial auction, acquire a vested right in the property itself." *Id.* Still, the high bidder was considered a quasi-party and had a right to "participate in the proceedings." *Id.* at *5. Thus, the relevant question was "[w]hether a party can voluntarily dismiss its lawsuit after the Special Master's report has been filed but not yet acted upon by the court," and that question was answered by Tennessee Rule of Civil Procedure 53.04. *Id.* Specifically, "the court must act upon the Master's report before any further action can be taken," as the rule mandated "that the trial court hold a hearing and exercise its independent judgment regarding whether the master's recommendations should be confirmed." *Id.* We reasoned that this hearing was mandatory and that the intervenors did "waive their right to a hearing." *Id.* at *6. Thus, we concluded that the trial court was required to hold a hearing on the special master's report and "must resolve

- 13 -

the issue regarding whether the sale is to be confirmed pursuant to applicable law before any other action is taken by the Court." *Id.* The case was reversed and remanded because "the Trial Court was required to act on the Master's Report before entertaining any motion to dismiss the case." *Id.* at \*1.

Comparing the facts of the case before us to those in the aforementioned cases, it becomes clear that the Plaintiff's nonsuit in this case did not "deprive the defendant of some right that became vested during the pendency of the case." *Lacy*, 152 S.W.3d at 484 n.8. Plaintiff took a nonsuit just six weeks after the initial complaint was filed, at a point when Defendants had not even responded to the complaint or filed any type of pleading in this case. Defendants argued in their combined motion to alter or amend and TPPA Petition that they had a vested right to dismissal with prejudice under the TPPA and its mandatory award of attorney fees, and they insisted that their statutory rights "vested upon the filing of the Plaintiff's Amended Complaint against them." However, at the point when Plaintiff took a voluntary nonsuit, Defendants had not petitioned the court to dismiss the complaint or submitted any evidence in an attempt to meet its burdens under the burden-shifting mechanism of the TPPA. Thus, Defendants did not, at that point, have a vested right to dismissal with prejudice or attorney fees or discretionary sanctions under the TPPA. *Compare Ross*, 2014 WL 2475580, at \*6 (holding that "the circuit court erred in concluding that [the defendant] obtained a vested right to confess judgment which was paramount to Plaintiff's right to nonsuit her case").

In summary, we reject Defendants' arguments regarding the applicability of the various exceptions to Rule 41.01 and conclude that the trial court lacked jurisdiction over Defendants' TPPA Petition that was filed after Plaintiff had already taken a voluntary nonsuit. All other issues are pretermitted.

*Adamson*, 2022 WL 17334223, at \*19–21 (footnote omitted).

As the *Adamson* court noted, a vested right is "something more than a mere expectation." *Id.* at \*19 (quoting 16B Am.Jur.2d *Constitutional Law* § 703). The court also noted that

showing that a nonsuit would "deprive the defendant of some vested right" is a "higher standard" than the rule that applies when a nonsuit is sought while a motion for summary judgment is pending, when the court considers whether the nonsuit would cause "plain legal prejudice to the defendant."

*Id.* (quoting *Ewan*, 465 S.W.3d at 136–37).

In the case at bar, we find that the interlocutory order imposing sanctions on Plaintiff, for which attorney's fees were to be awarded to Defendants, was nothing more than a mere expectation as distinguished from a vested right.

To paraphrase what this court stated in *Adamson*, when comparing the facts of the case before us to those in the aforementioned cases, it becomes clear that Plaintiff's nonsuit in this case did not deprive Defendants of some right that became vested during the pendency of the case. *See id.* at *21. Accordingly, we hold that Defendants have failed to carry their burden of proof to show that their expectancy of recovering their attorney's fees as a Rule 37 sanction under the trial court's interlocutory order bestowed upon them a vested right to recover such fees.

C.

We now turn our attention to Defendants' reliance, and that of the trial court, on the reasoning in *Menche*. For the reasons stated below, we have determined that *Menche* is inapposite to this case because, in *Menche*, the defendants filed a motion for summary judgment prior to the filing of the notice of voluntary dismissal, while here, Defendants did not file a motion for summary judgment before Plaintiff moved to voluntarily dismiss this action. This is significant because a plaintiff's right to take a voluntary dismissal is barred "when a motion for summary judgment made by an adverse party is pending." Tenn. R. Civ. P. 41.01(1). Furthermore, we have concluded that Defendants did not have any vested rights that would prevent Plaintiff from voluntarily dismissing this action. And as we noted above, all that is required to dismiss prior to trial, in the absence of the existence of any of the Rule 41 exceptions, is the filing of a written notice of dismissal. *Ewan*, 465 S.W.3d at 130–31.

Because a motion for summary judgment was pending at the time that the notice of dismissal was filed in *Menche*, the plaintiff had to obtain the consent of the defendants and the trial court to dismiss the action. *See Menche*, 2019 WL 4016127, at *2 ("Because [the defendants'] motion for partial summary judgment remained pending, however, [the defendants] were required to consent to [Plaintiff's] request for the nonsuit.") (citing Tenn. R. Civ. P. 41.01(1)).

As distinguished from *Menche*, in the present case, Mr. Heerdink was "'the sole judge of the [dismissal of his case] and the trial court ha[d] no control over it.'" *Lacy*, 152 S.W.3d at 484 (quoting *Rickets*, 533 S.W.2d at 294). In the absence of the exceptions to Rule 41.01, and we have determined that none exist, all that was required of Mr. Heerdink to dismiss this action was the filing of a written notice of dismissal, *see Ewan*, 465 S.W.3d at 130–31, and Mr. Heerdink did just that.

While the dispositive issue in *Menche* was whether the trial court retained jurisdiction after the entry of the agreed order, *see Menche*, 2019 WL 4016127, at *4 ("We

- 15 -

perceive the dispositive issue here to be whether the agreed order allowing a nonsuit was in fact a final order in light of Appellees' unadjudicated motion for sanctions."), the answer to that question was dependent upon whether the agreed order, which the *Menche* defendants and the trial court controlled, dismissed the entire action or whether the wording of the agreed order preserved the defendants' claims for attorney's fees. *See Menche* at \*9.

The *Menche* court answered that question by concluding that the agreed order merely dismissed Mr. Menche's lawsuit, not the defendants' claims for their attorney's fees. As the court explained:

> The trial court's order appears to acknowledge that although [Plaintiff] requested dismissal of "the *action* in its entirety[,]" the trial court was only inclined to dismiss [*Plaintiff's*] *lawsuit*. Stated differently, the trial court's order fails to address the pending claim for sanctions, and appears to dismiss only claims asserted by [Plaintiff]. In light of this language, we cannot conclude that [Plaintiff] has shown that [Defendants] waived their request for sanctions by agreeing to this order; on the contrary, the record suggests that [Defendants] were only agreeing to the voluntary dismissal of "[Plaintiff's] lawsuit".

*Menche*, 2019 WL 4016127, at \*9 (emphasis in original). Accordingly, the court ruled that the order of dismissal in *Menche* was not a final order. *Id.* For that reason, the trial court retained jurisdiction to award the *Menche* defendants their attorney's fees. *Id.* at \*10 (citing *Eldridge*, 137 S.W.3d at \*20 n.10).

Contrasting the two cases, Mr. Heerdink did not need the consent of Defendants or the trial court to dismiss this case. As our Supreme Court has noted, and as we have stated, although a case does not become final for the purposes of appeal until the trial court enters its final written order dismissing the matter, the right to a nonsuit under Rule 41.01 does not require the permission of, or an adjudication by, the trial court. *Green*, 101 S.W.3d at 420. And as we noted above, in the absence of any of the recognized exceptions, "the plaintiff is the sole judge of the matter and the trial court has no control over it." *Lacy*, 152 S.W.3d at 484 (quoting *Rickets*, 533 S.W.2d at 294). All that is required to dismiss prior to the trial, in the absence of the existence of any of the exceptions above noted, is the filing of a written notice of dismissal. *Ewan*, 465 S.W.3d at 130–31. Mr. Heerdink did just that. Accordingly, Defendants' intent, or more accurately stated, desire to recover their attorney's fees, is of no consequence to the legal effect of the filing of the notice of voluntary dismissal or the import of the order of dismissal in this case.[10]

---

[10] As we noted earlier, all that is required to dismiss prior to the trial, in the absence of the existence of any of the exceptions above noted, is the filing of a written notice of dismissal. *Ewan*, 465 S.W.3d at 130–31. Although a case does not become final for the purposes of appeal until the trial court enters its final written order dismissing the matter, the right to a nonsuit under Rule 41.01 does not require the permission of, or an adjudication by, the trial court. *Green*, 101 S.W.3d at 420.

Accordingly, we find *Menche* inapposite and unpersuasive in this case.

We have also found that Defendants failed to establish that their expectation of recovering their attorney's fees constituted a vested right. For these reasons, the case was effectively dismissed upon the filing of the notice of voluntary dismissal. Therefore, because the trial court lacked jurisdiction to award Defendants their attorney's fees, the award of attorney's fees is hereby vacated.

## II. WAIVER

Plaintiff's second issue is whether the award of attorney's fees should be reversed because defendant Osborne waived her request by failing to pursue her attorney's fees for more than two years. Our subject matter jurisdiction decision rendered this issue moot.

## III. ATTORNEY'S FEES ON APPEAL

Defendant Osborne seeks to recover her attorney's fees and expenses incurred on appeal on the basis that the appeal is frivolous.

"'A frivolous appeal is one that is "devoid of merit," or one in which there is little prospect that [an appeal] can ever succeed.'" *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). We have ruled in favor of the appellant, Plaintiff, in this appeal. Thus, the appeal was not frivolous.

Accordingly, defendant Osborne is not entitled to recover her attorney's fees incurred in this appeal.

## CONCLUSION

For the foregoing reasons, the monetary judgment awarded in favor of defendant Osborne is vacated. Costs of this appeal are assessed against the appellee, Dawn A. Osborne.

_____
FRANK G. CLEMENT JR., P.J., M.S.