# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
February 18, 2025 Session

## DAVID L. RICHMAN ET AL. v. JOSHUA DEBITY ET AL.

**Appeal from the General Sessions Court for Blount County**
No. CV-35903     Robert Lowell Headrick, Judge

_____

### No. E2024-00919-COA-R3-CV

_____

This is the parties' second appeal before this Court in the above-styled case. In the first appeal, we remanded the case back to the trial court for entry of an order containing sufficient findings of fact and conclusions of law. After this Court's mandate issued, however, the plaintiffs filed a notice of voluntary nonsuit. The defendants opposed the notice, but the trial court entered an order dismissing the plaintiffs' action without prejudice. The defendants again appealed to this Court. Because the plaintiffs' notice of voluntary nonsuit was untimely, and because the trial court's action exceeds the scope of our instructions on remand, we vacate the trial court's order and again remand this case to the trial court for entry of a sufficient order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Vacated; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Daniel A. Horwitz, Melissa K. Dix, Sarah L. Martin, and Lindsay Smith, Nashville, Tennessee, for the appellants, Joshua Debity and Leah Debity.

Melanie E. Davis and Joel P. Reeves, Maryville, Tennessee, for the appellees, Christine N. Brooks and David L. Richman.[1]

---

[1] The record contains references where Mr. Richman's name is spelled "Richmon." For purposes of this opinion, we use the spelling "Richman."

# OPINION

## BACKGROUND

This case began as a dispute between neighbors in a Maryville, Tennessee subdivision. Joshua and Leah Debity ("Defendants" or "Appellants") sought to install a wooden privacy fence around their lot. The subdivision's homeowners' association ("HOA") denied Defendants' request. To show that the HOA is inconsistent in its interpretation and application of its rules, Defendants photographed, from the street, the home and yard of David Richman and Christine Brooks ("Plaintiffs" or "Appellees"). On October 14, 2021, Plaintiffs filed a civil warrant in the General Sessions Court for Blount County ("general sessions court" or the "trial court") asking for a restraining order and asserting that Defendants "have harassed plaintiffs & invaded privacy by taking pictures of minor daughter (in bathing suit) & pictures inside open garage (from street)."

Defendants responded with a petition to dismiss the warrant pursuant to the Tennessee Public Participation Act ("TPPA"), alleging that Plaintiffs filed the warrant to suppress Defendants' constitutionally-protected rights. *See* Tenn. Code Ann. § 20-17-101 *et seq*. Plaintiffs submitted an unsworn, written response to the TPPA petition but did not submit any admissible evidence in response. The trial court held a hearing on March 4, 2022, at which several witnesses testified. The trial court issued an oral ruling on May 13, 2022, stating that "the SLAPP challenge does, in fact, fail based on the review of the proof, the reception of the proof, and the applicable case law. Coupling that with how specifically this civil restraining order petition is filed and tailored." The trial court then entered a written order on July 6, 2022, which provides as relevant:

> Based upon the proof, the arguments of counsel for the parties, the post-trial briefs of the parties, and the record as a whole, the Court denies and dismisses the Defendant[s'] Petition for the reasons set forth in the attached transcript. (Exhibit A).
>
> ACCORDINGLY, the DEFENDANTS' PETITION TO DISMISS THE PLAINTIFFS' CIVIL WARRANT-RESTRAINING ORDER PURSUANT TO THE TENNESSEE PUBLIC PARTICIPATION ACT is denied and dismissed. By agreement of the parties, this matter is set for trial on November 4, 2022.

Defendants appealed to this Court. *See* Tenn. Code Ann. § 20-17-106 (providing that a "court's order dismissing or refusing to dismiss a legal action pursuant to a petition filed under this chapter is immediately appealable as a matter of right to the court of appeals"). We vacated the judgment and remanded the case back to the general sessions court after concluding that the final order is insufficient. We explained:

[The] incorporated oral ruling does not indicate why the trial court dismissed the TPPA Petition within the context of the burden shifting mechanism found in Tennessee Code Annotated section 20-17-105(a) through (c). There is no analysis of whether Defendants met their "burden of making a prima facie case that a legal action against the petitioning party is based on, relates to, or is in response to that party's exercise of the right to free speech, right to petition, or right of association," Tenn. Code Ann. § 20-17-105(a), whether Plaintiffs established "a prima facie case for each essential element of the claim in the legal action," Tenn. Code Ann. § 20-17-105(b), or whether Defendants established "a valid defense to the claims in the legal action." Tenn. Code Ann. § 20-17-105(c). Thus, we cannot discern the basis for the trial court's ruling from its written order and incorporated oral ruling. For instance, at first blush, the trial judge's comments in its oral ruling might appear related to subsection (a) and whether Defendants met their burden of establishing that a legal action was filed against them in response to their exercise of the right to free speech.

\* \* \*

Because the trial court's written order does not contain the reasoning for its denial of the TPPA Petition, we vacate and remand for entry of an order explaining the trial court's decision. *See, e.g.*, *Buckingham v. Tenn. Dep't of Corr.*, No. E2020-01541-COA-R3-CV, 2021 WL 2156445, at \*3 (Tenn. Ct. App. May 27, 2021) (concluding that "appellate review [was] hampered because the trial court's order [did] not apply any legal standard or contain legal conclusions regarding the sufficiency of the complaint or provide any reasoning for the dismissal" and vacating and remanding "for entry of an order setting forth the appropriate legal standard and reasons in support of the trial court's decision").

*Richman v. Debity*, No. E2022-00908-COA-R3-CV, 2023 WL 4285290, at \*3–4 (Tenn. Ct. App. June 30, 2023) (hereinafter "*Richman I*"). This Court's mandate issued on September 13, 2023.[2]

On September 21, 2023, Plaintiffs filed a notice of nonsuit, stating that the case should be dismissed without prejudice. The trial court entered an order to this effect on October 27, 2023. Defendants filed a motion to vacate the nonsuit order and to comply with this Court's mandate. The trial court held a hearing on February 2, 2024, and entered an order denying Defendants' motion on June 21, 2024. The trial court found that the case was "properly terminated" by Plaintiffs' notice of voluntary nonsuit. Defendants again appeal to this Court.

---

[2] An amended mandate addressing court costs issued on October 9, 2023.

**ISSUES**

Defendants raise several issues on appeal which we restate slightly:

I.   Whether the trial court erred by refusing to comply with this Court's mandate.

II.  Whether Plaintiffs had a right to nonsuit after the Defendants' TPPA petition had been argued, submitted, and adjudicated.

III. Whether Plaintiffs were permitted to deprive Defendants of their rights under Tennessee Code Annotated § 20-17-106 or the protections and benefits of this Court's mandate by nonsuiting after remand.

IV.  Whether this case should be remanded with instructions to comply with this Court's mandate within thirty days of this Court's mandate issuing.

V.   Whether Defendants are entitled to their attorney's fees and expenses.

In their posture as appellees, Plaintiffs urge that they are entitled to attorney's fees pursuant to Tennessee Code Annotated § 27-1-122.

**DISCUSSION**

This case centers on the intersection of Tennessee Rule of Civil Procedure 41.01 and the TPPA, which is a Tennessee statute. To the extent we must interpret either, "[s]uch interpretation entails a question of law, which we review de novo upon the record with no presumption of correctness for the determination of the courts below." *Flade v. City of Shelbyville*, 699 S.W.3d 272, 281 (Tenn. 2024) (citing *Falls v. Goins*, 673 S.W.3d 173, 179 (Tenn. 2023)); *see also Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004) ("Interpretation of the Tennessee Rules of Civil Procedure is a question of law." (citing *Dial v. Harrington*, 138 S.W.3d 895, 897 (Tenn. Ct. App. 2003))).

Defendants' first four issues raise essentially the same question – whether the trial court erred in allowing Plaintiffs to take a voluntary nonsuit after this Court remanded the case to the trial court in *Richman I.* Voluntary nonsuits are governed by Rule 41.01,[3] which provides as pertinent:

---

[3] At the outset, we note Plaintiffs' argument that Rule 41.01 does not apply because the relevant proceedings took place in a general sessions court, in which the Tennessee Rules of Civil Procedure do not apply. Plaintiffs claim this distinction is dispositive and fatal to Defendants' appeal. However, in its final order, the trial court itself construed Rule 41.01 and applied that rule in its analysis. It also relied on case law dealing with the intersection of Rule 41.01 and the TPPA. The Rule is therefore relevant to our discussion of the trial court's ruling. Moreover, as Plaintiffs point out, Tennessee Code Annotated § 16-15-707, which does apply in general sessions courts, provides that a "plaintiff shall have the right to

(1) Subject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 or any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party; or by an oral notice of dismissal made in open court during the trial of a cause[.]

Tenn. R. Civ. P. 41.01. Subject only to limited exceptions, a plaintiff's right to a voluntary nonsuit is "unilateral and absolute[.]" *Flade*, 699 S.W.3d at 281 (quoting Lawrence A. Pivnick, Tennessee Circuit Court Practice § 23:1, at 1039 (2009)). In non-jury cases, the plaintiff may take a voluntary nonsuit "until the case has finally been submitted to the trial court for a decision[.]" *Weedman v. Searcy*, 781 S.W.2d 855, 857 (Tenn. 1989); *see also Ewan v. Hardison Law Firm*, 465 S.W.3d 124, 136 (Tenn. Ct. App. 2014) ("Once the case finally has been submitted to the trial court for a determination on the merits, however, the plaintiff no longer can take a voluntary dismissal as a matter of right." (quoting *Hamilton v. Cook*, No. 02A01-9712-CV-00324, 1998 WL 704528, at *4 (Tenn. Ct. App. Oct. 12, 1998))). "Generally speaking, '[w]hen a voluntary nonsuit is taken, the rights of the parties are not adjudicated, and the parties are placed in their original positions prior to the filing of the suit.'" *Flade*, 699 S.W.3d at 282 (quoting *Himmelfarb v. Allain*, 380 S.W.3d 35, 40 (Tenn. 2012)).

This case also involves the TPPA, Tennessee's anti-SLAPP statute. *See Nandigam Neurology, PLC v. Beavers*, 639 S.W.3d 651, 657–58 (Tenn. Ct. App. 2021). "The acronym 'SLAPP' stands for strategic lawsuits against public participation. The primary aim of a SLAPP is not to prevail on the merits, but rather to chill the speech of the defendant by subjecting him or her to costly and otherwise burdensome litigation." *Flade*, 699 S.W.3d at 283. As is common in anti-SLAPP statutes, the TPPA provides a procedural mechanism for "swift dismissal of non-meritorious claims" by allowing the defendant to file a petition for dismissal challenging the plaintiff's prima facie case. *Id.* If the plaintiff cannot establish his or her prima facie case, the action is subject to dismissal. *Id.*; *see also Charles v. McQueen*, 693 S.W.3d 262, 267–68 (Tenn. 2024)) (providing a detailed explanation of the TPPA's burden-shifting procedure); *Nandigam*, 639 S.W.3d at 657–59 (same).

---

take a voluntary nonsuit or to dismiss an action without prejudice at any time before the cause is finally submitted to the court, but not afterwards[.]" Thus, as discussed herein, the primary issue remains whether Plaintiffs' notice of nonsuit was timely given the posture of this case. As such, this distinction is not fatal to Defendants' appeal as Plaintiffs suggest.

In the present case, the trial court determined that, notwithstanding the posture of Defendants' TPPA petition, Plaintiffs were entitled to take a nonsuit following our remand of *Richman I*. The trial court reasoned that this Court's mandate from *Richman I* is nonbinding "following the proper entry of an Order for Nonsuit[,]" and that the TPPA is not a statutory exception to a plaintiff's right to nonsuit. The trial court relied in large part on this Court's opinion in *Flade v. City of Shelbyville*, No. M2022-00553-COA-R3-CV, 2023 WL 2200729, at *1 (Tenn. Ct. App. Feb. 24, 2023). In that case, the plaintiff sued several defendants for libel, intentional interference with business relationships, intentional infliction of emotional distress, stalking, and harassment. *Id.* at *2. Two of the defendants responded with a petition to dismiss pursuant to the TPPA, claiming the suit was a SLAPP and that it was based on, related to, or in response to their exercise of the right to free speech, right to petition, or right of association. *Id.* at *3; *see also* Tenn. Code Ann. § 20-17-105(a). The plaintiff filed a response to the petitions. *Id.* at *4. Following a hearing, the trial court ordered limited discovery. *Id.*; *see also* Tenn. Code Ann. § 20-17-104 (staying discovery upon the filing of a TPPA petition but providing the trial court with discretion to allow limited discovery related to the petition). The defendants sought appellate relief through an extraordinary appeal, *see* Tenn. R. App. P. 10, but were ultimately unsuccessful. *Id.* Then, before the case could proceed any further, the plaintiff filed a notice of voluntary nonsuit pursuant to Rule 41.01, which the defendants opposed. *Id.* at *5. The trial court "determined that the TPPA was not excepted from the right to a dismissal without prejudice under Rule 41.01[]" and entered an order to that effect. *Id.* The defendants then appealed to this Court, and we affirmed the trial court.

The defendants appealed to our Supreme Court, which affirmed this Court. *Flade*, 699 S.W.3d at 302. The High Court reasoned that the TPPA is not an exception to a plaintiff's broad right to a voluntary nonsuit prior to submission to the fact-finder. *Id.* at 291. First, the Court noted that

> the right to take a voluntary nonsuit was black letter law at the time the General Assembly enacted the TPPA. Even construing the TPPA broadly, the legislative intent to supplement remedies available under the Rules of Civil Procedure does not go so far as to evidence an intent to displace or restrict a longstanding right under the Rules of Civil Procedure.

*Id.* at 289. Insofar as the TPPA's text evidences no exceptions to Rule 41.01, the Court concluded that "the TPPA does not clearly limit or otherwise address the right to take a voluntary nonsuit after the filing of a TPPA petition[.]" *Id.* at 291. Second, the Court found that allowing a plaintiff to voluntarily nonsuit a TPPA case does not deprive a defendant of any vested right, particularly in that case because the petition had not been argued before or submitted to the trial court for consideration. *Id.* at 292. In this regard, the Court reasoned that due process does not require TPPA petitions to be adjudicated under any and all circumstances. *Id.* at 295. Nor does the TPPA create a private right of action per the statute's plain language. *Id.*; *see also* Tenn. Code Ann. § 20-17-108(6).

Instead, the TPPA merely "provides a dismissal procedure with a burden-shifting mechanism that differs from Rule 12.02." *Id*. Finally, the Court explained that a TPPA petition to dismiss is not a counterclaim as contemplated by Rule 41.01. *Id.* at 299. As such, no exceptions to the plaintiff's liberal right to a nonsuit applied in *Flade*, and because the case was not yet submitted to the trial court for a decision, the plaintiff could still voluntarily nonsuit his case pursuant to Rule 41.01. Nothing in the text of the TPPA or otherwise abrogated that right. Importantly, however, the Court stated in a footnote that "at the time of the voluntary nonsuit in this case, the TPPA petitions *had not been argued or submitted to the trial court for decision*. We do not decide if the result we reach today would be the same were those circumstances different." *Id.* at 296 n.28 (emphasis added).

In this case, the trial court's reliance on *Flade* is misplaced because *Flade* is distinguishable from this case in a crucial way. Defendants argued their TPPA petition and submitted the matter to the trial court well before Plaintiffs filed their notice of nonsuit. Not only was the matter submitted to the trial court for adjudication, but the trial court rendered a decision, and Defendants appealed to this Court. Accordingly, Plaintiffs' argument that the TPPA petition was not finally adjudicated is simply incorrect.

Plaintiffs argue on appeal that the *entire* action was not finally submitted to the trial court when they filed their notice. Rather, only the TPPA petition is at issue. However, we recently rejected a highly analogous argument in *Long v. Beasley*. No. M2024-00444-COA-R3-CV, 2025 WL 782310 (Tenn. Ct. App. Mar. 12, 2025). In that case, the plaintiff in a defamation action filed a notice of voluntary nonsuit after "the [defendants'] TPPA petition had been fully argued, adjudicated by the trial court, and appealed to this Court[.]" *Id.* at *5. Like Plaintiffs and the trial court in the present case, the *Long* plaintiff also relied on *Flade*, claiming that "the *Flade* Court's reasoning comfortably extends to the case at bar because it produces the same result: the [voluntary] nonsuit of the underlying claim renders the TPPA petition moot[.]" *Id.*

We rejected this reasoning, noting that the procedural posture in *Long* "differ[ed] significantly" from that of *Flade*. *Id.* We also relied on footnote 28 of *Flade* in *Long*, noting that the *Flade* Court "expressly declined to extend its holding beyond the specific procedural posture before it[.]" *Id.* The same reasoning applies here. Because Defendants' TPPA petition was finally submitted to and decided by the trial court long before Plaintiffs filed their notice of voluntary nonsuit, the notice came too late. *Id.* Moreover, we held in *Long* that the defendants had a vested right of appellate review by the time the plaintiff attempted to nonsuit:

> We interpret the provision in § 20-17-106, stating that a trial court's order granting or denying a TPPA petition is "immediately appealable as of right," to mean that an order granting or denying a TPPA petition is to be treated procedurally as a "final judgment" for the purpose of determining which court maintains jurisdiction over the matter on appeal. We therefore

determine that to avoid injustice, it is proper to recognize in this particular instance that the [defendants] maintain a vested right to appellate review of the trial court's denial of their TPPA claim. *See Flade*, 699 S.W.3d at 292 ("We have stated generally that a vested right is one which it is proper for the state to recognize and protect and of which [an] individual could not be deprived arbitrarily without injustice.") (internal quotation marks omitted); *see, e.g.*, *Solomon v. Solomon*, No. M2021-00958-COA-R3-CV, 2023 WL 3730597, at *3 (Tenn. Ct. App. May 31, 2023) (recognizing a defendant's "vested right of appellate review" following a trial court's grant of a new trial) (internal citations omitted).

*Id.* at *6. The same logic applies here.[4]

The trial court's other line of reasoning is also flawed. Specifically, the trial court adopted Plaintiffs' argument that this Court's mandate to the trial court is somehow nonbinding. To reiterate, in *Richman I*, we remanded this case back to the trial court with the explicit instruction that the trial court enter an order sufficiently explaining its ruling on Defendants' TPPA petition to dismiss. As Defendants aptly argue in their brief, the trial court was not at liberty to ignore that instruction on remand. It is well-settled that on remand, "[t]he trial court's sole responsibility is to carefully comply with directions in the appellate court's opinion." *Duke v. Duke*, 563 S.W.3d 885, 896 (Tenn. Ct. App. 2018) (quoting *Earls v. Earls*, No. M1999-00035-COA-R3-CV, 2001 WL 504905, at *3 (Tenn. Ct. App. May 14, 2001)); *see also Rudd v. Rudd*, No. W2011-01007-COA-R3-CV, 2011 WL 6777030, at *7 (Tenn. Ct. App. Dec. 22, 2011) (citing *Silvey v. Silvey*, No. E2003-00586-COA-R3-CV, 2004 WL 508481, at *3 (Tenn. Ct. App. Mar. 16, 2004) ("When a trial court receives a case that has been remanded, the trial court must strictly comply with the appellate court's mandate, and typically lacks the power to deviate from the terms of the appellate court's mandate, absent either permission from the appellate court or extraordinary circumstances.")); *Boyd v. Cruze*, No. E2003-02697-COA-R3-CV, 2005 WL 1493157, at *6 (Tenn. Ct. App. June 24, 2005) (noting that when a case is remanded for a limited purpose, such as determining the proper record, the trial court lacks jurisdiction to exceed the scope of the remand when the case returns to the lower court).

This Court did not give its permission for the general sessions court to deviate from the terms of our mandate; nor do any extraordinary circumstances apply here. Consequently, the trial court erred in allowing Plaintiffs to voluntarily nonsuit their action, as the notice of voluntary nonsuit was filed far too late, and because the trial court's action is in direct conflict with our instructions in *Richman I*.

---

[4] Again, we note the procedural distinction regarding the applicability of the Tennessee Rules of Civil Procedure in general sessions courts; thus, we acknowledge the differences in this matter and *Long*. Nonetheless, given the otherwise highly analogous posture of *Long*, and the fact that the trial court here relied on the same reasoning as the *Long* plaintiff, that case is salient to our discussion.

The trial court's order dismissing Plaintiffs' cause of action without prejudice is therefore vacated, and this cause is once again remanded for the trial court to enter an order in compliance with *Richman I* and this opinion. Insofar as Defendants' first four issues on appeal all address Plaintiffs' voluntary nonsuit, the above conclusion resolves all four of those issues.

For their final issue, Defendants also argue that they are entitled to their appellate attorney's fees pursuant to Tennessee Code Annotated § 20-17-107. This portion of the TPPA provides for costs and attorney's fees when a legal action is dismissed under the TPPA, as well as "[a]ny additional relief, including sanctions, that the court determines necessary to deter repetition of the conduct by the party who brought the legal action or by others similarly situated." Tenn. Code Ann. § 20-17-107(a)(2); *see also Nandigam*, 639 S.W.3d at 670 (explaining that awarding appellate attorney's fees pursuant to § 20-17-107 is in keeping with the TPPA's legislative intent).

In this case, however, the trial court has not "dismisse[d] a legal action pursuant to a petition filed under [the TPPA]." Tenn. Code Ann. § 20-17-107(a). Rather, Defendants ask this Court to award their appellate attorney's fees "*if* their TPPA Petition is ultimately granted." (Emphasis added). Per their own language, Defendants' request is speculative and thus, premature. The present appeal, while tangentially related to the TPPA, is not technically an appeal arising from the adjudication of a TPPA petition. Rather, the order appealed from is the trial court's order dismissing Plaintiffs' action via voluntary nonsuit. Defendants state no basis in their brief, nor are we aware of any, providing for an award of appellate attorney's fees under such circumstances; however, this does not negate Defendants' right to reassert their request for appellate attorney's fees in the future, depending upon the outcome of their TPPA petition and future appeals.

Finally, Plaintiffs also request attorney's fees pursuant Tennessee Code Annotated § 27-1-122, which provides:

> [w]hen it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. "A frivolous appeal is one that is devoid of merit, *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or one that has no reasonable chance of succeeding." *Young v. Barrow*, 130 S.W.3d 59, 67 (Tenn. Ct. App. 2003) (citing *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977)). On one hand, § 27-1-122 "must be interpreted and applied strictly so as not to discourage legitimate appeals . . . ." *Davis*, 546 S.W.2d at 586. On the other hand, "[s]uccessful litigants should not have to bear the expense and vexation of groundless appeals." *Id.* Given the competing

considerations, whether to award damages under § 27-1-122 rests soundly within the reviewing court's discretion. *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009) (citing *Whalum v. Marshall*, 224 S.W.3d 169, 180–81 (Tenn. Ct. App. 2006)).

For the reasons addressed above, Defendants' appeal is not frivolous. Accordingly, we decline to award Plaintiffs their appellate attorney's fees.

### CONCLUSION

The judgment of the General Sessions Court for Blount County is vacated, and this case is remanded for further proceedings. Costs of this appeal are taxed to the appellees, David L. Richman and Christine N. Brooks, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE